TOWNSLEY *v.* HARTSFIELD.

## Opinion delivered June 1, 1914.

1. OFFICERS—TERMS—EXPIRATION.—Where deceased, a county officer, was elected to succeed himself, but died before the expiration of the first term, a vacancy is created in the first term by his death, but at the commencement of the second term no new vacancy arises, and the appointee for the balance of the first term holds over until the election and qualification of his successor. (Page 255.)

2. WORDS AND PHRASES—"OR OTHERWISE."—The words "or otherwise" in law, when used' as a general phrase following an enumeration of particulars, are commonly interpreted in a restricted sense as referring to such other matters as are kindred to the classes mentioned. (Page 256.)

3. ROAD OVERSEER—TERM—APPOINTMENT.—Act 177, Acts 1905, relating to the appointment of road overseers, gives to the county judge the power to appoint where there was no election, or when the person elected road overseer, for any reason, failed to qualify. (Page 256.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

At the general election in 1910, Frank Irvin was elected road overseer of Center Township in the Greenwood District of Sebastian County, Arkansas. The statute provides that his term of office shall be the same as that for township and county officers. See Act No. 177, Acts 1905, approved April 18, 1905. Irvin entered upon the discharge of his duties as such road overseer, and continued in said office until his death, some time in October, 1912. At the general election held in 1912, he was again elected to the office of road overseer. He died before his first term expired, and on the 29th day of October, 1912, the county judge of Sebastian County appointed Virgil Townsley to fill the vacancy caused by his death. In November, 1912, a new county judge having come into office, W. A. Hartsfield was appointed road overseer for said township; and the latter qualified and entered upon the discharge of the duties of said office. This is a proceeding by Virgil Townsley against W. A. Hartsfield to

try the title to said office. The decision of the lower court was in favor of Hartsfield, and Townsley has appealed.

*Jesse A. Harp,* for appellant.

1. The judgment of the circuit court is in conflict with the plain terms of the Constitution providing that, "All officers shall continue in office after the expiration of their official terms and until their successors are elected and qualified." Const., art. 19, § 5.

It is contrary to the policy of the Government which seeks to guard against vacancies in office. The "holdover" policy has been repeatedly upheld by this·and other courts. 82 Ark. 341. See, also, 103 U. S. 471; 1 Am. & Eng. Enc. of L. (1 ed.), 562; 37 Cal. 44; 9 Mich. 227; 113 Ind. 234.

A road overseer is a public officer, and the Legislature could not make his case an exception to the constitutional rule above stated. 84 Ark. 547; 81 Ark. 40.

2. The act relied on by appellee, No. 370, Acts 1911, contains nothing which, either by express terms or by implication would prohibit holding over pursuant to the Constitution, even if it had any such right. If the intention of the Legislature is not clear, such construction must be given the act as will preclude the probable occurrence of a vacancy.

*Pryor & Miles,* for appellee.

Frank Irvin, the overseer, having died after he was elected to succeed himself, but prior to the expiration of his first term, the only question involved is whether Townsley, under his appointment, should hold over beyond the unexpired term of Irvin, or was terminated by the expiration of that term, making appellee's appointment valid for the succeeding term.

Under Act 370, Acts 1911, p. 1025, Townsley's appointment was limited to the unexpired part of the term Irvin was serving when he died, *i. e.,* to "the time designated for all county and township officers to expire." 89 Ark. 34; 7 Am. & Eng. Ann. Cases 112; 23 Am. & Eng.

Enc. of L. (2 ed.), 418, and authorities cited in footnotes; 69 Miss. 740; 29 Cyc. 1396.

HART, J., (after stating the facts). It will be noted from the statement of facts that Irvin died while he was serving his first term, and before his new term had commenced. The general rule is that if the deceased was himself the incumbent of the office and was elected to succeed himself, a vacancy is created in the first term by his death; but, by the weight of authority, at the commencement of the second term, no new vacancy arises, and the appointee for the balance of the first term holds over until the election and qualification of his successor. *State v. Speidel,* 62 Ohio St. 156, 56 N. E. 871; *State v. Elliott,* 13 Utah 471, 45 Pac. 346. See, also, *People v. Lord,* 9 Mich. 227. That is to say, when one who is holding an office, and who has been elected to succeed himself, dies before entering upon the new term, a vacancy is thereby created in the term in which he was serving, but not in the new term for which he has been elected, and upon which he has not entered. Therefore, the one who is duly appointed and qualified to fill the vacancy thus created will hold the office for and during the unexpired term of the predecessor and until his successor has been elected or appointed and qualified in the manner provided by law.

It is not disputed by counsel for Hartsfield that Townsley's appointment was valid, but it is claimed that his term ended when Hartsfield was appointed in November, pursuant to the act of 1911, which provides for the filling of vacancies that may occur in the office of road overseer, and which, so far as relates to the question at issue in this appeal, is as follows:

"That when any vacancy in the office of road overseer shall occur from any cause whatever, or upon failure to elect by a tie vote or otherwise, the county court or judge thereof in vacation shall appoint an overseer for such district or fill such vacancy, as the case may be, whose term of service shall expire at the time designated for all county and township officers to expire. Such judge

shall make or cause to be made a true record of appointment.''

The office of road overseer was created by statute, and it may be filled by election or by appointment, just as the statute may prescribe. It is manifest from the clause of the act just quoted that when Irvin died, the vacancy caused by his death should be filled by the county court. The section likewise provides that upon the failure to elect by a tie vote or otherwise, the county court, or judge thereof in vacation, shall appoint, etc. The words ''or otherwise,'' in law, when used as a general phrase following an enumeration of particulars, are commonly interpreted in a restricted sense as referring to such other matters as are kindred to the classes before mentioned. Century Dictionary. The author says the phrase ''or otherwise,'' when following an enumeration, should receive an *ejusdem generis* interpretation. Otherwise is also defined by Century Dictionary, the Standard Dictionary and by Webster, as meaning, ''In a different manner; in any other way.'' We think the phrase ''or otherwise'' in the act under consideration was intended to be used in its broadest and most comprehensive sense. The phrase ''or otherwise'' is not used in the statute as a general phrase following an enumeration of particulars; but it follows the words ''upon failure to elect by tie vote,'' and is placed in juxtaposition to these words. When the whole clause ''upon failure to elect by tie vote or otherwise,'' is considered together with reference to the purpose and object of the act, it is evident that the Legislature intended to give the county judge the power to appoint where no one was elected or where the person elected failed for any reason to qualify when the time for entering upon the new term arrived. In short, we think the Legislature meant by the clause under consideration to give the county judge the power to appoint where there was no election or where the person elected for any reason failed to qualify. The county judge, pursuant to this section, exercised his power to appoint, and when he did so, the person appointed had a right to the office, and

having qualified and entered upon the discharge of the duties of the office of road overseer, he was the lawful incumbent of that office. It follows that the judgment of the lower court must be affirmed.