## DOBKINS v. REECE. (No. 12173.)*

Court of Civil Appeals of Texas. Fort Worth.
Feb. 23, 1929.

Rehearing Denied March 23, 1929.

Ray Winder and W. S. Moore, both of Gainesville, for appellant.

John Speer, of Denton, and W. O. Davis and John W. Culp, both of Gainesville, for appellee.

BUCK, J. This appeal involves a contest over the office of sheriff of Cooke county. Jake Wright was the duly elected and acting sheriff of Cooke county for the term beginning January 1, 1927, and ending January 1, 1929. He was duly nominated during the July primary, 1928, and was re-elected at the succeeding general election, November 6, 1928. On December 12, 1928, he died, without having qualified under his new term. On December 14, 1928, the county commissioners' court elected or appointed Jonathan Dobkins as sheriff, who happened to be at the time of his appointment a member of the commissioners' court, but, as he testified, did not participate in the appointment, and was not present thereat. The minutes of the commissioners' court of December 14, 1928, is as follows:

"In Re Appointment of Sheriff: On this day came on to be appointed a sheriff of Cooke County, Texas, which appointment became necessary by the death of the sheriff Jake Wright, and after duly considering said applications for the place, by the Court, the Court duly voted, and by said election of sheriff by the Commissioners' Court appointed Jonathan Dobkins as sheriff of Cooke County, Texas, to fill the unexpired term of said Jake Wright, and until his successor has been duly elected and qualified as provided in the Revised Statutes of the State of Texas; and the same is so ordered, and the sheriff's bond fixed at $10,000."

Dobkins filed his bond on the 14th of December, 1928, and qualified and entered upon the duties of his office. It so happened that the personnel of the commissioners' court changed on January 1, 1929, and two of the

*See, also, 19 S.W.(2d) —.

former members retired, and two new members qualified. On January 2, 1929, the matter of the election or appointment of a sheriff again was considered by the commissioners' court, and Ate Reece was elected, as shown by the minutes of the court of January 2, 1929, which read as follows:

"In Re Appointment of Sheriff: Sheriff Jake Wright of Cooke County, Texas, having died on the 12th day of 'December, 1928, thereby creating a vacancy in the office of Sheriff of Cook County, now on this day came on to be appointed a sheriff and after duly considering the applications of various parties, the Court duly voted, it is found that Ate Reece received a majority of the votes of the Commissioners of Cooke County, Texas, it is therefore ordered that Ate Reece be and he is hereby appointed Sheriff of Cook County, Texas, and his bond fixed at ten thousand dollars."

Reece filed his bond. He was first deputy sheriff under Dobkins, and; as such, had the keys to the sheriff's office, the key to the jail, the key to the car furnished the sheriff by the county, and also the car. On January 2, 1929, Dobkins filed an injunction suit against Reece, and the district judge on the same day issued a restraining order enjoining Reece from performing any and all acts which would interfere with Dobkins in the conduct of the office of sheriff of Cooke county. On January 5th Reece filed a motion to dissolve the temporary restraining order theretofore granted, for the alleged reasons (1) that the term for which Dobkins had been appointed sheriff expired December 31, 1928, and that thereafter said Dobkins no longer had any right to the office of sheriff or to any of its emoluments; (2) that plaintiff, if he has any right to the office of sheriff of Cooke county, has a legal remedy by quo warranto proceeding to recover the office and its emoluments; (3) that the sworn answer of defendant negatived any equity in plaintiff's petition for injunction; (4) that the answer of defendant shows that the defendant is not threatening or contemplating taking possession of the office of sheriff by force, intimidation, or otherwise, and there is no necessity for a restraining order; (5) that the appointment of plaintiff by the commissioners' court, of which he was a member, was contrary to public policy, illegal, and void; (6) that plaintiff, by applying on January 1, 1929, for the appointment, estopped himself from claiming that the court did not have the right to make the appointment.

This appeal is from an order and judgment dissolving the injunction and temporary restraining order.

### Opinion.

In his application for reappointment as sheriff, plaintiff claimed that his former appointment by the commissioners' court was for the entire period from December 14, 1928, to January 1, 1929, and to January 1, 1931; and he stipulated that he made the application without in any way waiving any right he had to the office by reason of his former appointment. Hence we are of the opinion that the plea of estoppel by defendant is not good, if it was available at all.

The two questions which we think are important and involved in this case are: (1) Was the original appointment by the commissioners' court of Dobkins merely for the unexpired term ending December 31, 1928, and not including the term beginning January 1, 1929, or did the appointment extend to the two succeeding years, and until December 31, 1930, or January 1, 1931? (2) If the plaintiff's term of office under the aforesaid appointment ended prior to or on January 1, 1929, and the commissioners' court elected or appointed defendant sheriff of Cooke county, on January 2, 1929, was plaintiff entitled to the equitable remedy of injunction to restrain defendant, as prayed for?

Article 5, § 23, of the state Constitution, provides: "There shall be elected by the qualified voters of each county a sheriff, who shall hold his office for the term of two years, whose duties, and perquisites, and fees of office, shall be prescribed by the legislature, and vacancies in whose office shall be filled by the commissioners' court, until the next general election for county or state officers."

Article 2355, Rev. Civ. Statutes, is as follows:

"The court shall have power to fill vacancies in the office of: county judge, county clerk, sheriff, county attorney, county treasurer, county surveyor, county hide inspector, assessor of taxes, collector of taxes, justices of the peace and constables. Such vacancies shall be filled by a majority vote of the members of said court present and voting, and the person chosen shall hold office until the next general election."

This section of the Constitution, and this article of the statutes, has been construed by our appellate courts quite frequently. In Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 24, by this court, opinion by Justice Stephens, affirmed by the Supreme Court, 93 Tex. 275, 55 S. W. 1133, held that, where Lasater defeated York for his second term, and thereafter Lasater died before he had qualified, at the end of York's elective term a vacancy existed, and the commissioner's court had the authority to elect his successor. This court said:

"Unless York, notwithstanding his unsuccessful candidacy, was entitled to hold the term of office to which Lasater was duly elected (that is, unless he was entitled to two terms by virtue of an election to one only), that judgment was erroneous, and must be reversed. A result so at variance with the

whole tenor of our organic law and political history is itself suggestive of doubt as to the correctness of the construction producing it. As was said by Judge Moore in Wright v. Adams, 45 Tex. 134, 'It is believed, moreover, to be a sound rule of construction, which holds, when the duration or term of an office which is filled by popular election is a question of doubt or uncertainty, that the interpretation is to be followed which limits it to the shortest time, and returns to the people at the earliest period the power and authority to refill it.' Turning to the constitution, besides the general provisions that 'the duration of all offices not fixed by this constitution shall never exceed two years,' and that 'all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified' (article 16, §§ 17, 30), we find the following: 'There shall be elected by the qualified voters of each county a sheriff, who shall hold his office for the term of two years, * * * and vacancies in whose office shall be filled by the Commissioners' Court until the next general election for county or state officers.' Article 5, § 23. This article declares, in effect, that the person elected sheriff by the qualified voters of the county is entitled to 'his office' for the term of two years (that is, that such term or tenure is his), and also that vacancies therein shall be filled by the Commissioners' Court. It therefore leaves little room for doubt, we think, that the Commissioners' Court of Palo Pinto county exercised a constitutional power in appointing Maddox to fill the term of office to which Lasater had been elected, and which was left vacant by his death. This conclusion accords with the views expressed by our supreme court in construing these and similar constitutional and statutory provisions. State v. Cocke, 54 Tex. 482; State v. Catlin, 84 Tex. 48, 19 S. W. 302.

"Much stress is laid by counsel for appellant upon their construction of article 4894 of the Revised Statutes [1895], which declares that the sheriff's office shall be deemed vacant if the sheriff-elect fails to qualify within 20 days after notice of his election. But this article does not undertake to provide for all cases of vacancy, and does not purport to apply to a case like the one at bar, though the language may be broad enough to cover it. It certainly should not be so construed as to narrow the scope of the constitutional provisions above quoted. Besides, article 4891, in the same chapter, which, however, is but a re-enactment of the constitution, is more comprehensive."

See Kimberlin v. State of Indiana ex rel. Wm. H. Tow, 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. Rep. 208, and authorities cited therein.

In People ex rel. Sweet v. Ward, 107 Cal. 236, 40 P. 538, the California Supreme Court, which state has a constitutional provision and a statute similar to ours, held that, when one elected in November to succeed defendant as a county officer died in December, a vacancy existed as to such office which the county board had authority to fill on the following January, i. e., the first Monday after the 1st day of January, and not before. The decision further held that the county board had no power to fill a vacancy which will certainly arise at a future time, when a differently constituted board is in control of the county affairs. To the same effect is Bownes v. Meehan, 45 N. J. Law, 189. See 15 Corpus Juris, § 144, p. 487. In this citation it is said: "An appointment by incoming commissioners is entitled to preference over an appointment by the retiring commissioners."

See 43 Corpus Juris, § 1012, p. 620, to the effect that a common council has no authority to appoint or fill a vacancy which will occur at a future time when the council will be differently constituted. In Townsley v. Hartsfield, 113 Ark. 253, 168 S. W. 140, Ann. Cas. 1916C, 643, the Arkansas Supreme Court had before it, and held, reading from the headnotes: "Where an officer elected to succeed himself dies before the commencement of his second term, a vacancy is thereby created for the first term, but not in the second term, and one duly appointed and qualified to fill the vacancy in the first term holds during the unexpired term of the deceased officer and until his successor has been elected or appointed and qualified as provided by law."

See People ex rel. Callaway v. De Guelle, 47 Colo. 13, 105 P. 1110, by the Supreme Court of Colorado, which is a case very similar to this, and deciding the questions involved in accordance with appellee's contentions. See State ex rel. C. C. Bickford v. J. E. Cocke, 54 Tex. 482, in which the Supreme Court said, quoting from the headnotes:

"At a general election in 1880, an assessor of taxes was elected, who failed to qualify within the time prescribed by law, and who then presented to the Commissioners' Court his resignation, which was accepted. Another assessor was then appointed by that tribunal, who accepted and qualified. In a contest between the appointee and the old incumbent under a former election, involving the right to the office, held—

"1. The election, failure to qualify, resignation of the newly elected officer, and the appointment of one as his successor who qualified, ended the term of the old incumbent under a former election.

"2. The giving of the official bond was not a condition precedent to the title to the office divested by the election, but the failure to give it operated as a defeasance, which was a sufficient ground for a judicial declaration of forfeiture."

 The Constitution limits the term of

84

the sheriff to two years. He cannot be elected for two terms at the, same election, a fortiori, he cannot be appointed for two terms, or a part of one term and whole of the succeeding term at one and the same time. When the duration or term of an office is a question of doubt or uncertainty, the interpretation should be followed which limits such office to the shortest term. Wright v. Adams, 45 Tex. 134. Other authorities might be cited, but we believe in the discussion heretofore sufficient has been said to show that in our opinion the appellant's term under his appointment in December, 1928, had expired at the time the election was had by the commissioners' court on January 2, 1929. If such view be correct, then it follows that a vacancy existed for the new term of two years for which the deceased, Jake Wright, had been elected by the voters of Cooke county, and that the commissioners' court had authority to fill such vacancy. The commissioners were not required to await the expiration of the 20 days allowed a newly elected officer to qualify after his notice of election, for Wright was dead, and the law does not require a useless thing. Then, appellee having been duly appointed and having given bond, he was the de jure sheriff, and appellant had no right to resort to the remedy of an injunction to prevent appellee performing the duties and to receiving the emoluments of the office.

The judgment below is affirmed.