

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~JOHN XXXXXXXXXXXX~~RED
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Dear Sir:

Opinion No. O-6300
Re: In case of vacancy in the office
of commissioner, the County Judge shall
appoint some suitable person living in
the precinct where such vacancy occurs
to serve as commissioner for such pre-
cinct until the next general election.

Your letter of November 25, 1944, requesting the opinion of this
department on the question stated therein is as follows:

"On the 7th day of November 1944 Damon Sharp was elected
County Commissioner of Precinct Number Three (3) of Blanco Coun-
ty, Texas, for the term beginning January 1st 1945. On the 20th
day of November, 1944, the said Damon Sharp died. One J. J.
Stewart is now the County Commissioner for said Precinct Number
three, he having been elected for this term which expires Janu-
ary 1st, 1945.

"Question: How does the law provide that this office for
said Precinct Number Three (3) be filled?

"In making my investigation of this matter, it is my opin-
ion under Article 2953a of the Revised Statutes, under Section 6
that said officer must be elected, at an election that the Com-
missioners Court must order, said election to be held not earlier
than thirty days after notice is given.

"Section 6 of said Article 2953a under 'Election on death of
officer-elect' provides 'When the officer-elect to an office which
must be filled by election dies or becomes ineligible to qualify
for the office to which he was elected, the proper officer shall
immediately order an election to elect a successor to the incum-
bent of the office.'

"Will you please examine this matter, and let me know what
your opinion is as soon as possible."

Article 2341, Vernon's Annotated Civil Statutes, provides:

"In case of vacancy in the office of commissioner, the county judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election."

It was held in our Opinion No. O-4349, among other things:

"In case of a vacancy in the County Commissioner's Court, the County Judge is authorized to make an appointment to fill such vacancy. Revised Civil Statutes, Article 2341."

Referring to Section 6 of Article 2953a, Vernon's Annotated Civil Statutes, it was said in our Opinion No. O-5093:

"In construing the meaning of the above quoted provision, in connection with the situation presented in your letter, we are necessarily called upon to determine whether the office of district clerk is 'an office which must be filled by an election' as that term is used in the act. If the office can or may be filled in any way other than by election, it is not 'an office which must be filled by an election.'"

In our Opinion No. O-2965, construing Article 2953a, Vernon's Annotated Civil Statutes, it was said:

"It is, therefore, sufficient to say, whatever the effect of Article 2953a, that it cannot apply to the office of sheriff because it is not one 'a vacancy of which is to be filled by an election.'"

Under the facts stated, it is our opinion that a vacancy will exist in the office of county commissioner of January 1, 1945. We think that the statement is supported by the cases of State v. Cooke, 54 Tex. 482; Maddox v. York, 54 S.W. 24; 93 Tex. 2757; and Dobkins v. State, 17 S.W. (2d) 81, 19 S.W. (2d) 574.

You are respectfully advised that it is the opinion of this department that Article 2953a, Vernon's Annotated Civil Statutes, has no application to the question under consideration. Therefore, it is our

further opinion with reference to the vacancy which will exist in the county commissioner's office on January 1, 1945, the County Judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election.

Yours very truly

ATTORNEY GEN.RAL OF TEXAS

By
   s/ Ardell Williams

Ardell Williams
Assistant

APPROVED DEC 4, 1944
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By GWB Chairman