**Walter DAVIES, Appellant,**

v.

**Esther Agnes STIFF et al., Appellees.**

No. 6536.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 28, 1955.

Vickers & Vickers, Lubbock, for appellant.

Wright & Waters and Weeks & Gilkerson, Lubbock, for appellees.

MARTIN, Justice.

Appellant, Walter Davies, sued appellees, Esther Agnes Stiff, a feme sole, and the Commissioner's Court of Lubbock County, Texas alleging that he had been elected to the office of County Treasurer of Lubbock County in the November, 1954 general election and was entitled to such office. The facts in the cause on appeal have been stipulated and will be briefly outlined.

James H. (Jimmy) Stiff, the incumbent County Treasurer of Lubbock County, Texas, was unopposed in the primary election of July 24, 1954 and was nominated in such first primary without opposition as the democratic nominee for such office. The votes were canvassed by the county democratic committee and, in due course, the name of James H. Stiff was certified as the democratic nominee for the office of county treasurer. James H. (Jimmy) Stiff died on October 27, 1954 and the general election was held on November 2, 1954. He was buried on Saturday morning prior to the general election on the following Tuesday and, immediately thereafter, Walter Davies, O. D. Peden, Mrs. Winnie Porter and T. E. Mays, made active campaigns to be the write-in candidate for the office of county treasurer. In the general election, the following number of votes were cast for the named candidates:

| | | | |
|---|---|---|---|
| James Stiff | 2413 | Mrs. Jimmy Stiff | 287 |
| Walter Davies | 2130 | T. E. Mays | 172 |
| O. D. Peden | 322 | Winnie Porter | 92 |

and there were also 75 votes cast for miscellaneous write-in candidates. The total vote cast was 5,491.

Following the general election, the Commissioner's Court canvassed the results of the election and such canvass revealed the number of votes for each candidate as above detailed. Mrs. Esther Agnes Stiff, the widow of the deceased James H. (Jimmy) Stiff, on the third day of November, 1954 was appointed county treasurer to fill out the unexpired term ending December 31, 1954. Mrs. Stiff duly qualified for the office and performed the duties of the office under this appointment to December 31, 1954.

On January 1, 1955, the appellant, Walter Davies, took the oath of office as county treasurer of Lubbock County, Texas, on his own motion, and tendered to the Commissioner's Court his bond. On January 3, 1954, the Commissioner's Court met again and refused to approve appellant's bond or to permit appellant to qualify and appointed Mrs. Esther Agnes Stiff as County Treasurer of Lubbock County, Texas. Mrs. Esther Agnes Stiff took the oath of office and filed a good and acceptable bond which was approved by the Commissioner's Court of Lubbock County, Texas, and assumed the duties of office and is now serving in that capacity.

On January 14, 1955, appellant, Walter Davies, filed his suit against appellees seeking title to the office of County Treasurer. Upon trial of the cause, the judgment of the court was that plaintiff take nothing by his suit and that defendants go hence with their costs without day. From this judgment, appellant perfected an appeal and presents two points of error. The gist of appellant's points is that by reason of the death of J. H. (Jimmy) Stiff, he was an ineligible candidate for the office of treasurer and that any votes cast for him were not entitled to be counted or taken into consideration in determining whether or not the appellant received a majority or plurality of the legal votes cast in said election.

As set forth in appellant's brief, Art. 1.05 of the Election Code, V.A.T.S., provides " * * * No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him at any such general, special, or primary election." Since Art. 8.22 of the Election Code makes detailed provisions for counting the votes cast for a deceased candidate, it does not appear to be a sound interpretation of Art. 1.05 that the term "ineligible candidate" includes a deceased candidate. But, if it be conceded, under appellant's theory, that J. H. (Jimmy) Stiff was an ineligible candidate for the office of County Treasurer under the terms of Art. 1.05, the law still does not sustain the contention of appellant as made in this appeal. Pertinent to the issue asserted by appellant, the Supreme Court of Texas in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 981, adopted the following rule found in 29 C.J.S., Elections, § 243:

"It is a fundamental idea in all republican forms of government that no one can be declared elected * * *, unless he * * * receives a majority or a plurality of the legal votes cast in the election. Accordingly, the general rule is that the fact that a plurality or a majority of the votes are cast for an ineligible candidate at a popular election does not entitle the candidate receiving the next highest number of votes to be declared elected."

The Supreme Court further ruled with reference to Art. 2927, Vernon's Annotated Civil Statutes, now Art. 1.05 of the Election Code:

"Our holding in no way limits the force of Art. 2927, R.S. 1925 as amended by Acts 50th Leg., Reg.Sess.1947,

p. 778, Vernon's Ann.Civ.St. art. 2927, cited in the certificate, which declares that no ineligible candidate shall ever have votes counted *for him*, at any general, special or primary election. We are not holding that the votes cast for Ramsey must be counted for him but only that they must be taken into account in determining whether or not Dunlop received the greatest number of votes cast."

The Supreme Court thus established the rule that a party receiving the next highest number of votes in an election could not be declared elected. See Allen v. Fisher, Tex.Com.App., 118 Tex. 38, 9 S.W.2d 731; Pena v. Montalvo, Tex.Civ.App., 233 S.W. 2d 162; Thorp v. Murchison, Tex.Civ.App., 259 S.W.2d 614; 29 C.J.S., Elections, § 243, page 353. Appellant's points of error are overruled.

■ Additional authority sustains the overruling of appellant's points of error. Art. 3019 of the Revised Civil Statutes of 1925 provided:

"If a nominee dies or declines the nomination before the election, and no one is nominated to take his place, the votes cast for him shall be counted and return made thereof; and, if he shall have received a plurality of the votes cast for the office, the vacancy shall be filled as in case of a vacancy occurring after the election."

Dunagan v. Jones, Tex.Civ.App., 76 S.W.2d 219, at page 222 ruled as follows as to the application of said Art. 3019:

"The article is exclusively dealing with filling vacancies by the party committee where the nominee by a plurality vote in the general primary shall die or decline the original nomination before the date of the general election following."

Art. 3019 is now incorporated in the first paragraph of Art. 8.22 of the Election Code and applies to the facts in the cause on appeal. Art. 8.22 clearly provides for the counting of the votes for a nominee in either a general election or a primary election "If nominee dies before election". Article 3019, as hereinabove pointed out, was ruled applicable only to general elections. And, after such ruling was made in Dunagan v. Jones, supra, the legislature not only carried Art. 3019 forward into the first paragraph of Art. 8.22 of the Election Code but also provided in the second paragraph of said Art. 8.22 for counting the votes cast for a deceased candidate if such candidate in the first primary dies after the dead line for filing his name. Art. 8.22 further provides in the second paragraph thereof, "If such a deceased candidate receives a majority of the votes," a method for choice of a nominee of the primary election.

It is apparent from an examination of Art. 8.22 and the cases cited herein that whether the deceased J. H. (Jimmy) Stiff be considered as an ineligible candidate for office or whether his death as a nominee be taken into account there is no legal method by which appellant could be declared elected to the office of County Treasurer of Lubbock County, Texas. Appellant did not receive a majority or plurality of the legal votes cast in the election and therefore is subject to the rule in Ramsey v. Dunlop, supra:

"'It is a fundamental idea in all republican forms of government that no one can be declared elected * * *, unless he * * * receives a majority or a plurality of the legal votes cast in the election.'"

The judgment of the trial court is accordingly affirmed.