# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL


May 19, 1969

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas   78711

Opinion No. M-397

Re:   Whether a candidate who re-
ceived the highest number
of votes at an independent
school district trustee
election may qualify and
serve as trustee if he was
not a registered voter, and
related question.

Dear Dr. Edgar:

Your recent letter to this office requests our opinion
upon two questions related to the election of trustees of Honey
Grove Independent School District held on the first Saturday
in April of 1969.

In accordance with applicable statutes, three trustees
were to be elected to take the place of three members of the
board of trustees whose terms of office expired upon that date.
Ordinarily the three candidates receiving the highest number
of votes would be declared elected; however, the candidate
who received the highest number of votes does not have a
Voter Registration Certificate for the year 1969.  Under
these circumstances you have asked the following questions:

"(1)   Legally, may the candidate who re-
ceived the highest number of votes qualify and
serve as a trustee of the school district?

"(2)   If (1) is answered in the negative:
Shall the school district board recognize the
existence of a vacancy, and fill same by appoint-
ment thereto of a person otherwise qualified and
who is a qualified voter, pursuant to Article
2777-1?"

Article 1.05, Texas Election Code, provides that
no person can be a candidate for, or be elected or appointed

-1972-

to, any public office in this State unless he be eligible to hold such office under the Constitution and laws of this State. This article further provides that no ineligible candidate shall be voted upon or have votes counted for him at any election, but that votes cast for an ineligible candidate shall be taken into account in determining whether any other candidate receives the vote necessary for nomination or election.

Article 1.06, Texas Election Code, prohibits anyone from issuing a certificate of election or appointment to any person who is ineligible to hold the particular office under the Constitution or statutes of this State.

The answer to your first question is dependent upon whether the person in question is eligible to be elected or appointed to the office of trustee of a school district.

Article 2776a, Vernon's Civil Statutes, provides that "no person shall be elected as a trustee of a school district in this State unless he is a qualified voter." The term "qualified voter," as used in this statute, means that a person must be a registered voter in order to be eligible for the office of trustee of a school district. Oser v. Cullen, 435 S.W.2d 896 (Tex.Civ.App. 1968, error dism. w.o.j.). The Oser case further holds that there is no constitutional provision which prohibits the Legislature from imposing this requirement as a condition for eligibility to the office of trustee of a school district.

You are therefore advised that, in our opinion, a person who is not a registered voter is not eligible to qualify and serve as trustee of a school district even though he may receive the highest number of votes cast at a regular school trustee election. Your first question is answered in the negative.

Your letter does not state whether there were more than three persons voted upon at the election in question; however, assuming that there were, the ineligibility of one of the three persons receiving the highest number of votes does not result in the inclusion of the person receiving the fourth highest votes among those to be declared elected to the three trustee positions. The votes for the ineligible candidate must be taken into account in determining which candidates received the vote necessary for election, i.e. the three persons receiving the highest vote. Ineligibility of one of such persons does not result in the election of one receiving the next

highest vote. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947); Davis v. Stiff, 284 S.W.2d 799 (Tex.Civ.App. 1955, no writ).

Passing to your second question, it is a settled rule in this State that where a term of office has ended and there has been a failure to elect someone to fill the office, a vacancy in such office exists within the meaning of a statute which empowers some person or body of persons to fill vacancies in such office by appointment. Tom v. Klepper, 172 S.W. 721 (Tex.Civ.App. 1915, error ref.); Clark v. Wornell, 65 S.W.2d 350 (Tex.Civ.App. 1933, no writ).

Article 2777-1, Vernon's Civil Statutes, reads in part as follows:

"In all independent school districts in the state, regardless of the number of scholastics enrolled, if a vacancy occurs in the board of trustees, the remaining members of the board of trustees shall fill tne vacancy until the next regular election for members of the board of trustees. . . ."

In our opinion a vacancy exists in the office of school trustee in the district in question and the members of the board of trustees of the district are empowered to fill the vacancy by appointing someone who meets the conditions of eligibility for such office, including that of being a registered voter.

### S U M M A R Y

A person who is not a registered voter is not eligible for the office of trustee of a school district and may not qualify and serve as trustee even though he received the highest number of votes at the regular school trustee election; under such circumstances, a vacancy exists in the office of trustee and the board is empowered to fill the vacancy by appointing one who is eligible to hold the office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

- 1974 -

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Sam McDaniel
Ralph Rash
Neil Williams
Terry Goodman

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant