John PARKER et al., Appellants,

v.

Edward B. NOBLES, Judge, et al., Appellees.

No. B–3801.

Supreme Court of Texas.

June 13, 1973.

McDonald & McDonald, Gabrielle K. McDonald, Houston, for appellants.

Tom Curtis, Dist. Atty., Naomi Harney, County Atty., Amarillo, for appellees.

DANIEL, Justice.

This is a direct appeal to this Court under Article V, Section 3-b of the Constitution of the State of Texas, Article 1738a and Rule 499a[1] challenging the constitutionality of Article 8.22(a), V.A.T.S., of the Texas Election Code, which provides as follows:

"(a) If a nominee dies or declines the nomination before the election, or is declared ineligible to be elected to or to hold the office for which he is a candidate, and no one is nominated to take his place, his name shall be printed on the ballot and the votes cast for him shall be counted and return made thereof; and, if he shall have received a plurality of the votes cast for the office, the vacancy shall be filled as in case of a vacancy occurring after the election."

Appellants brought this suit in the district court as individual qualified voters and as a class action seeking a temporary and permanent injunction restraining and enjoining the Commissioners Court of Potter County from appointing T. L. Baker or any other person to the office of sheriff of Potter County. The trial court denied the temporary injunction, and we affirm.

The facts were stipulated by the parties and may be summarized as follows: Paul Gaither, Sheriff of Potter County, sought re-election to that office and he was unopposed in the general election held November 7, 1972. Four days prior to the election, November 3, 1972, Gaither died. His name remained on the ballot and he received 12,958 votes. Various write-in candidates polled a combined total of 823 votes. The Commissioners Court certified the election returns in accordance with Section 8.22(a) above. Thereafter on November 20, 1972, it appointed Mr. T. L. Baker to hold the position of sheriff for the unexpired term ending December 31, 1972, and stipulated in this case that it intend-

ed to appoint him to the term beginning January 1, 1973, and extending to the next general election in November of 1974. Appellants do not question the authority of the Commissioners Court to appoint Baker to fill the unexpired term ending December 31, 1972, but on December 6, 1972, they filed this suit to enjoin the Commissioners Court from carrying out its announced intention to appoint Baker for the term beginning January 1, 1973, and extending until the next general election. The trial court denied the temporary injunction on December 27, 1972. In the meantime, Baker has been appointed by the Commissioners Court for the term in controversy, and he is now serving as Sheriff of Potter County.

Appellants' first point of error asserts that the trial court's failure to enjoin the Commissioners Court's action was erroneous because the Commissioners' order declaring a vacancy in the office of sheriff violates Article 1.05 of the Texas Election Code, which provides in part as follows:

"No person shall be eligible to be a candidate for, or to be elected or appointed to, any public office in this state unless he is a citizen of the United States eligible to hold such office under the Constitution and laws of this state and is under none of the disabilities for voting which are stated in Article VI, Section 1 of the Constitution of Texas on the date of his appointment of the election at which he is elected, . . .

\* \* \* \* \* \*

"Except as provided in Section 104 of this code [Art. 8.22], no ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election. No ineligible candidate shall ever be voted upon nor have votes counted for him at any such primary, general or special election for the purpose of nominating or electing him,

[1]. All references to Rules are to the Texas Rules of Civil Procedure, and citations to statutes refer to Vernon's Annotated Civil Statutes.

but votes cast for an ineligible candidate shall be taken into account in determining whether any other candidate received the necessary vote for nomination or election. . . . "

Appellants contend that no "vacancy" was created for the Commissioners Court to fill because the first sentence of Article 1.05 provides no person shall be eligible to be a candidate unless he is eligible to hold office, and a deceased person is therefore ineligible within the meaning of Article 1.-05. They argue that since a deceased person is ineligible to seek or hold office, the election as held is invalid and therefore there is no vacancy to be filled by appointment. This contention ignores the special statute covering these precise contingencies and the latter portion of Article 1.05, which clearly provides for an exception in such cases. Article 1.05 provides that no ineligible candidate shall have his name placed on the ballot *except as provided in Article 8.22.* ·

■ Article 8.22(a) provides that if a nominee dies before the election and no one is nominated to take his place, his name shall be printed on the ballot and the votes cast for him counted to determine if he received a plurality of the votes cast, in which event the vacancy shall be filled as in the case of a vacancy occurring after the election. This statute provides the procedure to be followed by the Commissioners Court under the facts of this case. As we read Article 8.22(a) and Article 1.05, they are not in conflict. The Amarillo Court of Civil Appeals reached the same conclusion under similar facts in 1955, prior to positive elimination of any conflict by the insertion of the words "[e]xcept as provided by section 104 of this code [Art. 8.22]" at the beginning of the last paragraph of Article 1.05. Davies v. Stiff, 284 S.W.2d 799 (Tex.Civ.App. Amarillo 1955, no writ).

■ Appellants' second point is that Article 8.22(a) deprives them of their rights guaranteed by Article V, Section 23 of the Texas Constitution to elect a sheriff, and deprives them of their right of franchise without due process of law as guaranteed by Article I, Section 19 of the Texas Constitution and the 14th Amendment of the United States Constitution.

Article V, Section 23 of the Texas Constitution provides:

"There shall be elected by the qualified voters of each county a Sheriff, who shall hold his office for the term of four years, whose duties and perquisites, and fees of office, shall be prescribed by the legislature, *and vacancies in whose office shall be filled by the Commissioner's Court until the next general election.*" (Emphasis added.)

Article 2355, in accordance with the above constitutional provision, provides that vacancies in the office shall be filled by the Commissioners Court until the next general election. Article 8.22(a) states that under the facts of this case there is a "vacancy." For many years Texas has treated the circumstances of this case, and deaths of winning candidates subsequent to the general election but prior to commencement of the term of office, as creating constructive or literal vacancies. In Maddox v. York, 21 Tex.Civ.App. 622, 54 S.W. 24 (1899), affirmed 93 Tex. 275, 55 S.W. 1133 (1900), the winning candidate for Sheriff died on the day the votes were canvassed. The Court of Civil Appeals said:

"But as the sheriff-elect was entitled, upon qualifying, to hold the office for a term of two years, whatever prevented him from doing so created a constructive or virtual vacancy in office for his entire term, which was as effectual, under the constitution, as a literal vacancy would have been, had he died after qualifying and taking possession of the office. Such, at any rate, is the construction that we think our constitution should receive."

Appellants argue that the statutory "vacancy" declared by Article 8.22(a) is unconstitutional, because it infringes upon the right of franchise. The only cases cited by appellants to support this contention are Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (holding Virginia poll tax unconstitutional) and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (holding that notice and a hearing are required before termination of welfare payments). Neither is in point here. In our opinion, the provisions of Article 1.05 and Article 8.22(a) do not unconstitutionally restrict the right of franchise.

■ As stated in Article 1.05, the counting of votes cast for an ineligible nominee is not for the purpose of electing him, but for the purpose of determining whether any other candidate received the necessary vote for election. In the present case, the general election for the term beginning January 1, 1973, having been concluded without anyone being elected Sheriff of Potter County, there was on such date a literal as well as a statutory vacancy which the Commissioners Court was authorized to fill by appointment until the next general election.

The Legislature could have provided that in such situations the Commissioners Court must immediately call a special election to fill the vacancy. This is appellants' construction of what should occur. The Legislature has, however, provided otherwise. We find no authority for the Commissioners Court to call a special election under such circumstances. See Texas Attorney General's Opinion No. 0–2965 (1940).

■ In our opinion, Article 8.22(a) of the Texas Election Code does not violate appellants' right of franchise, due process, or equal protection under the law. We therefore hold Article 8.22(a) is constitutional as applied to the facts of this case. Accordingly, we affirm the judgment of the trial court denying the temporary injunction sought by appellants.

