**Thomas L. (Larry) RICE, Appellant,**

v.

**Charles E. ENGLISH, et al., Appellees.**

**No. 12–87–0115–CV.**

Court of Appeals of Texas, Tyler.

Oct. 23, 1987.

Rehearing Denied Nov. 23, 1987.

---

Herbert L. Morgan, Crockett, for appellant.

J.B. Sallas, Sallas, Meriwether and Pemberton, Crockett, for appellees.

Before SUMMERS, C.J., and COLLEY and BILL BASS, JJ.

COLLEY, Justice.

In this summary judgment case, plaintiff/appellant, Thomas L. (Larry) Rice, brought suit against defendants/appellees, Houston County and Charles E. English, the County Judge of Houston County and the four County Commissioners of Houston County, seeking a judgment declaring that he is entitled to the office of County Commissioner, Precinct 2 of Houston County, under an order appointing him to such office dated November 13, 1986, made by the incumbent County Judge. He also seeks damages and other relief not pertinent here.

The sole question presented in this appeal is whether Rice's appointment as County Commissioner made by the County Judge on November 13, 1986, was effective to entitle Rice to hold that office until the 1988 General Election.

The trial judge granted a summary judgment in favor of appellees. We reverse that judgment and remand the cause.

Randal McCullar was elected as County Commissioner of Precinct 2 in Houston County in the general election held in November 1982. He was nominated for re-election in the 1986 primary election and his name placed on the ballot for the general election to be conducted on November 4, 1986. McCullar was unopposed; however, he died on October 20, 1986. On November 10, 1986, the county commissioners canvassed the returns of the election and certified that McCullar received the votes necessary to win election to the office. On November 13, 1986, the County Judge, Hon. Herbert L. Morgan, by written order appointed Rice as Commissioner for Precinct 2 for a term of office beginning November 13, 1986, and extending "until the next general election, and until his successor shall have been elected and qualified."

Judge Morgan was not re-elected, and his term of office expired on December 31, 1986. He was succeeded by appellee, the Hon. Charles E. English, as county judge.

On January 7, 1987, Judge English, by written order, appointed appellee Gene Musick as Commissioner of Precinct 2.

Appellees filed a motion for summary judgment seeking a declaration that appellee Musick was the duly appointed County Commissioner of Precinct 2 and entitled to that office until the 1988 General Election. Rice filed a motion for *partial summary judgment* declaring him to be the rightful incumbent of the office of County Commissioner of Precinct 2, and for a writ of mandamus requiring appellees "to restore him to that position." As earlier noted, the trial judge granted appellee's motion and denied Rice's motion.

Rice urges two points of error, claiming the trial court erred in granting appellee's motion and erred in denying his motion.

■ Rice contends that his appointment was valid under the 1985 Texas Election Code and Tex.Rev.Civ.Stat.Ann. art. 2341 (Vernon 1971).[1] On the other hand, appellees argue that Rice's appointment was effective only as to McCullar's unexpired term ending on December 31, 1986, citing *Dobkins v. Reece,* 17 S.W.2d 81 (Tex.Civ. App.—Fort Worth 1929, writ ref'd); *Parker v. Nobles,* 496 S.W.2d 921 (Tex.1973). Appellees also rely on Texas Attorney General's Opinion No. 0–6300 (1944). Under these authorities, appellees contend that Musick's appointment entitled him to hold that office from January 7, 1987, until the 1988 General Election.

All parties to the appeal agree that the county judge of a county in which a vacancy occurs in the office of county commissioner is authorized under article 2341 to appoint a suitable person to fill the vacancy until the next general election. Appellees, however, contend that no vacancy existed in the county commissioners' office for the term beginning January 1, 1987, at the time of Rice's appointment, but if it did, under the authority of *Dobkins* and *Parker,* the appointment of Rice for a term . extending until the 1988 General Election was void.

In *Parker,* a direct appeal, the Supreme Court affirmed the trial court's judgment refusing to enjoin the Potter County Commissioners' Court from appointing T.L. Baker to the office of sheriff of that county. The facts in that case were these: P.G., an incumbent sheriff, sought re-election. He was unopposed in the general election held on November 7, 1972. P.G. died on November 3, 1972, but his name remained on the ballot. Because of the votes received by the deceased, the commissioners' court in its canvas of the election returns certified that P.G. won the election. On November 20, 1972, the commissioners' court appointed Baker as sheriff for the unexpired term ending December 31, 1972, and "stipulated in this case that it intended to appoint [Baker] to the term beginning January 1, 1973 and extending to [the November 1976 general election]." Appellants contended on appeal that a deceased person is an "ineligible candidate" under former article 1.05 of the Texas Election Code.[2] The appellants in *Parker* argued that they were denied their right to elect a sheriff in violation of the state and federal constitutions. The court rejected these contentions, and pointed out that former article 1.05 of the Election Code contained an exception to its prohibition, stating "except as provided in article 8.22." [3]

---

1. All reference to articles are to the Texas Revised Civil Statutes (Vernon 1971) unless otherwise indicated.

2. Act of June 18, 1967, ch. 723 § 4, 1967 Tex. Gen.Laws 1858, 1861–1862, amended several times before its repeal in 1985 by the enactment of the current Texas Election Code. The 1967 version before the court in *Parker v. Nobles,* read in part as follows: "No person shall be eligible to be a candidate for, ... any public office in this state unless he is a citizen of the United States eligible to hold such office under the Constitution and laws of this state...."

3. At the time of the decision, the exception read in part, "[e]xcept as provided in § 104 [article 8.22] of this Code, no ineligible candidate shall ever have his name placed upon the ballot at any ... general ... election. No ineligible candidate shall ever be voted upon nor have votes counted for him at any such ... general ... election for the purpose of ... electing him, but votes cast for an ineligible candidate shall be taken into account in determining whether any other candidate received the necessary vote for ... election...."

Former article 8.22, in force when *Parker* was decided, read in part:

(a) If a nominee dies ... before the election, ... his name shall be printed on the ballot and the votes cast for him shall be counted and return made thereof; and, if he shall have received a plurality of the votes cast for the office, *the vacancy shall be filled as in the case of a vacancy occurring after the election.* Act of June 18, 1967, Chapter 723 § 32, 1969 Tex.Gen.Laws, 1858, 1901, after several amendments repealed by act of May 11, 1985, Chapter 211 § 9, 1985 Tex.Gen. Laws 1076. (Emphasis ours.)

The gist of appellant's argument in *Parker* was that the statutory vacancy declared by article 8.22 of the former code was void "because [the statute] infringes upon the right of franchise." *Parker,* 496 S.W.2d 921 at 924. The Supreme Court rejected this contention.

The parties before us seemingly misread *Parker.* Appellees cite it in their reply brief as supporting their position while appellant Rice attempts to distinguish it factually from his case. In our view, *Parker* lends support to Rice's cause, not appellant's. Judge Daniel, writing for the unanimous court in *Parker,* upheld the constitutionality of the provisions of former article 8.22 as applied there. The court alluded to *Maddox v. York,* 21 Tex.Civ.App. 622, 54 S.W. 24 (1899), *affirmed,* 93 Tex. 275, 55 S.W. 1133 (1900), for the purpose of demonstrating that the Texas Supreme Court has for a number of years adhered to an interpretation of applicable constitutional and statutory provisions, in circumstances where a candidate dies *after* the election but *before* the term of office he was seeking commenced, that the *death* of the candidate created a "constructive" or "virtual" vacancy. Unlike *Maddox,* in *Parker* the death of the candidate occurred before the election. However, in both cases the candidate's death occurred and the appointment was made *before* the commencement of the term won by the deceased candidate.

Appellees claim that under the authority of *Dobkins* the appointment of Rice to serve two terms[4] is ineffective. Rice argues that the decision in *Dobkins* is no longer authoritative, and that if it is, it is inapplicable here.

In *Dobkins,* one Jake Wright, the incumbent sheriff of Cooke County, having been elected to that office in the 1926 General Election for a term ending December 31, 1928, was nominated and re-elected in the general election conducted on November 6, 1928, for a term of two years beginning January 1, 1929, and ending on December 31, 1930. Wright died on December 12, 1928, and on December 14, 1928, the commissioners' court appointed Dobkins as sheriff by an order reciting in part, "to fill the unexpired term of said Jake Wright, and until his successor has been duly elected and qualified as provided [by law]." On January 2, 1929, a reconstituted commissioners' court appointed Reece as sheriff. On the same day, Dobkins filed suit against Reece to enjoin him from interfering with Dobkins' discharge of the duties of the office of sheriff. The trial judge issued a temporary restraining order against Reece and apparently issued a temporary injunction extending the restraining order, but later, on Reece's motion, dissolved the temporary injunction and denied the injunctive relief sought by Dobkins. The Fort Worth Court of Civil Appeals affirmed that judgment. In so doing, the Court held that the commissioners' court order dated December 14, 1928, purported to appoint Dobkins to *a term of more than two years,* and therefore was void because it contravened the provisions of TEX.CONST. art. V, § 23 (1879, amended 1954), which provided for a two-year[5] term of office. In so holding, the court said, "[Dobkins] cannot be elected for two terms at the same election, a fortiori, he cannot be appointed for two terms, or a part of one term and *whole of the succeeding term* at one and the same time." (Emphasis ours.) The court then stated

---

4. The unexpired term extending from November 13, 1986, to December 31, 1986, and the new term beginning January 1, 1987, extending until the 1988 General Election.

5. In 1954, art. V, § 23 was amended to provide four-year terms of office for sheriffs.

that under his appointment Dobkins' term expired (presumably on December 31, 1928) and "it follows that a *vacancy* existed [on January 2, 1929] for the *new term of 2 years* for which Jake Wright had been elected...." (Emphasis ours.) Thus, the Dobkins court upheld the appointment of Reece.

The court in *Dobkins* discussed several decisions [6] by the supreme courts of other states which held, in effect, that when a public officer elected to succeed himself dies before the expiration of his current term of office, a vacancy occurs at his death only as to the unexpired term and the vacancy in the "new" term occurs when that term commences. A cursory reading of two of those decisions [7] reveals that the decisions were based on construction of state statutes then in force. In any event, as we read *Dobkins*, the court held that since the constitution limited the term of office of a sheriff to two years, the appointment of Dobkins for a term of two years and seventeen days was invalid. Thus, a vacancy in the office existed on January 2, 1929, at the time of Reece's appointment. Rice's appointment in this case is unaffected by *Dobkins'* rule, because the constitutional term of office of a county commissioner at the time of his appointment was four years, and although the County Judge appointed Rice for a portion (forty-eight days) of McCullars' unexpired term and two additional years,[8] the appointment was authorized by current statutes which are not in conflict with any state constitutional provision. Only if Judge Morgan had purported to appoint Rice as a county commissioner until the 1990 general election would *Dobkins* apply here.

The *Maddox* court held that the appointment of appellant Maddox by the commissioners' court on December 8, 1898, before the commencement of the new term of office on January 1, 1899, won by the deceased candidate Lasater, was valid because a vacancy in that office existed at Lasater's death and at the time of the appointment. Therefore, the incumbent sheriff, appellee York, defeated for re-election by Lasater, had no right to "hold over" in the office until the next general election of 1900. *Maddox* is likewise inapplicable to the case before us.

Although the Fort Worth Court in *Dobkins* appears to have relied on the decision in *Maddox*, *Maddox's* holding was inapplicable to the facts before the *Dobkins* court.

Appellees also contend that opinions of the Texas Attorney General support their contentions in this appeal. The record reveals that on December 29, 1986, in response to a request made by the Hon. Donald J. Gordon, District Attorney for Houston County, Texas, the office of Jim Mattox, the current Texas Attorney General, forwarded with a letter addressed to Mr. Gordon, a copy of an Attorney General's Opinion No. 0–6300 (1944). We assume that Gordon's request for an opinion stated the identical facts before us in this appeal. The current Attorney General issued no formal opinion in response to Mr. Gordon's request, which was numbered "RQ–936," but the closing paragraph of that letter recites that "the present county judge may appoint someone to the unexpired term ending December 31, 1986 and the new county judge would appoint someone to the new term beginning in 1987 to serve until the next general election."

The facts presented to the Attorney General, upon which his opinion No. 0–6300 (1944) was issued were these: Sharp was elected County Commissioner of Precinct 3 of Blanco County in the November 7, 1944, general election for a two year term beginning January 1, 1945. Sharp died on November 20, 1944. The question presented for opinion was "[h]ow does the law provide that this office ... be filled?" The opinion issued December 4, 1944, merely concludes that a vacancy occurring in the office of a county commissioner is to be filled by appointment made by the county

---

6. E.g., *People ex rel. Sweet v. Ward,* 107 Cal 236, 40 P. 538 (1895); *Townley v. Hartsfield,* 113 Ark. 253, 168 S.W. 140 (1914).

7. See footnote 6.

8. Until the 1988 general election "and until his successor shall have been elected and qualified."

judge in accordance with article 2341, and not by special election. The opinion does, however, state, in respect to the facts presented, that the vacancy in the office "will exist ... [as] of January 1, 1945." The writer of that opinion cited *Dobkins* in support thereof.

In our view the Attorney General's Opinion No. 0–6300 has no precedential value here.

The constitution contains no provisions declaring when a vacancy occurs in county and precinct offices nor, except for the office of sheriff, does it prescribe how such vacancies in such offices are to be filled. The legislature has, however, by its enactment of the 1985 Election Code, carefully and permissibly declared the *times* of the occurrence of vacancies in public elective offices under given circumstances, as will be shown by our discussion of certain provisions of that code.

TEX. CONST. art. XVI, § 64, fixes the term of precinct officers at four years.[9]

Article 2341 authorizes the county judge, where a vacancy occurs in the office of a county commissioner in the county, to appoint a suitable person residing in the precinct "to serve as commissioner ... until the next general election."

Tex.Elec.Code Ann. § 145.039 (Vernon 1986)[10] provides that "[i]f a candidate dies ... after the 65th day before election day [general election], the candidate's name shall be placed on the ballot." Section 145.005(a) requires that votes cast for a deceased candidate whose name appears on the ballot be counted and included in the election returns. Section 145.005(b) provides that "[i]f the deceased ... receives the vote required for election, the *resulting vacancy shall be filled in the regular manner.*" (Emphasis ours.) Section 201.-021 (Title 12, subchapter B) provides that "a vacancy in office occurs at the time prescribed by this subchapter." Section 201.028 provides that "[i]f a deceased ... candidate receives the vote required for

election to an office, a vacancy occurs on the date the final canvass of the election is completed."

A vacancy occurred in McCullar's unexpired term on the date of his death on October 20, 1986. Section 201.022. A vacancy occurred on November 10, 1986, in the office of County Commissioner, Precinct 2, for the term beginning January 1, 1987, and ending on December 31, 1990, under sections 145.039, 145.005, 201.021, and 201.028. Judge Morgan was authorized to fill *both* vacancies and he did so. No vacancy existed in the office on January 7, 1987, hence Judge English lacked authority to appoint Musick to the office.

The trial judge erred in granting the summary judgment in favor of appellees. The order denying Rice's motion for *partial* summary judgment was interlocutory in character and we have no jurisdiction to consider the merits of that point. Rice's first point of error is sustained. We decline to consider his second point of error for the reason stated.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

### ON MOTION FOR REHEARING

On October 23, 1987, we delivered our original opinion in this cause. Both parties have filed motions for rehearing.

Appellees English and Gene Musick claim we erred in our analysis of certain provisions of the 1985 Texas Election Code, and in holding that Judge Morgan's November 13, 1986, appointment of Rice as County Commissioner for a term of office extending from January 1, 1987, to the 1988 General Election was valid. We are persuaded that our decision is correct. Appellees' Motion for Rehearing is overruled.

Appellant Rice asserts that we erred in refusing to address his second point of error reading, "The trial court erred in denying plaintiff's motion for partial summary judgment."

---

9. For all officers elected in general elections conducted subsequent to the 1954 general election.

10. All references to sections, unless otherwise indicated, are to the 1985 Texas Election Code.

Rice's argument is, that the decisions in *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–401 (1958), *Gulf, Colorado & Santa Fe Rw. Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 496 (1958), *Catholic Charities of the Diocese of Galveston, Inc. v. Harper,* 161 Tex. 21, 337 S.W.2d 111, 115 (1960), and *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980), mandate a ruling on his second point of error.

The prayer set forth in Rice's motion for rehearing reads as follows:

WHEREFORE, Appellant prays that this Court grant this Motion for Rehearing and reform its prior Judgment by sustaining his second point of error that the Trail [sic] Court erred in overruling his Motion for Partial Summary Judgment.

Appellant further prays that this Court enter the Judgment that the Trial Court should have entered:

(1.) A declaratory Judgment of entitlement to the office of County Commissioner, Precinct 2, of Houston County, Texas, from November 13, 1986, to the general election in 1988, and until his successor shall have been elected and qualified.

(2.) A Writ of Mandamus to Defendants to reinstate Rice to that position with all salary and other benefits of such position retroactive to January 1, 1987.

(3.) Remanding to the Trial Court for trial the issues in Rice's suit not covered by his Motion for Partial Summary Judgment.

Alternatively, Appellant prays that after this Court has sustained his Second Point of Error, this Court remand this cause to the Trial Court with instructions to enter such Declaratory Judgment, to issue such Writ of Mandamus, and to proceed to trial on the issues not covered by his Motion for Partial Summary Judgment.

Rice is urging us to sever his cause of action for damages and attorney's fees from a nonexistent adverse judgment on his entire case, remand that cause of action for trial on the merits, and render judgment declaring his entitlement to the office of county commissioner, the emoluments thereof from January 1, 1987, and to issue a writ of mandamus compelling the Commissioners' Court to reinstate Rice and Pay him the salary and other benefits appertaining to the office.

Alternatively, Rice urges this court to sustain his second point of error and remand the case "to the Trial Court with instructions to enter such Declaratory Judgment, to issue such Writ of Mandamus, and to proceed to trial on the issues not covered by his Motion for Partial Summary Judgment."

In *Tobin v. Garcia,* 316 S.W.2d 396, the court, overruling an earlier precedent,[1] wrote:

If the only order in a trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the [appellate court] should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434[2] ....

█ As we understand *Tobin,* where all parties at interest file motions for summary judgment *on the entire case,* and one or more is denied and one or more is granted, and an "appealable" summary judgment rendered, then on appeal if that judgment rendered is reversed, the appellate court should render under Rule 81(c) "such judgment ... as the court below should have rendered." *See Ackermann v. Vordenbaum,* 403 S.W.2d 362, 364 (Tex.1966). In *Ackermann,* the court stated that *Tobin's* rule is limited to the facts presented in that case. *Ackermann,* 403 S.W.2d at 365.

**1.** *Rogers v. Royalty Pooling Co.,* 157 Tex. 304, 302 S.W.2d 938 (1957).

**2.** Now Tex.R.App.P. 81.

Judge Pope, writing for a unanimous court in *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980), carefully stated that where both parties in a cause filed motions for summary judgment "on the entire case," and one party's motion is granted, but reversed on appeal, that the narrow exception to the general rule that a denial of a summary judgment motion is interlocutory, and not subject to review, enunciated in *Tobin* applies, and the appellate court should then render the proper judgment in the case. *Novak*, 596 S.W.2d at 849.

 Rice's motion for summary judgment was admittedly [3] not a motion for summary judgment on the entire case. By its language Rice sought only an interlocutory order. *See* Tex.R.Civ.P. 166–A(a), (d) (hereinafter referred to as Rule 166–A).

The question here is whether this court has the authority under *Tobin's* rule to sever the issues presented in Rice's motion for *partial* summary judgment in a case where the trial judge not only did not order a severance but was not even requested to do so.

If *Tobin's* "rendition" rule applies, then we must render a summary judgment that the trial court could not have rendered in the absence of severance because the amount of actual damages sustained by Rice was not an issue subject to his motion. Good sense dictates that such a result is not even contemplated by *Tobin's* rule, and we reject Rice's contention that *Tobin* requires us to *render* a summary judgment in his favor. Our opinion and judgment reversing the summary judgment granted appellees, and remanding the cause for trial with instruction, provides Rice with the relief to which he is entitled in this cause.

3. The motion, in part, reads:

Comes now Thomas L. (Larry) Rice, Plaintiff in this cause ... and moves the court to enter a Partial Summary Judgment in his favor and against the Defendants, declaring his right to the office of County Commissioner, Precinct 2, Houston County, Texas, until the general election in November 1988, and issuing a Writ of Mandamus restoring him to that position, *reserving* the fact issues of damages and attorney's fees for later proceedings,

We conclude that the trial court's denial of Rice's motion for *partial* summary judgment is an interlocutory order not subject to appellate review in this *summary judgment case. Ackermann*, 403 S.W.2d 362.

Rice's motion for rehearing is overruled.

and in support of such motion would show unto the court as follows:

.... Wherefore, Plaintiff requests ... the Court grant Plaintiff's Motion for Partial Summary Judgment, declaring his right to the office of County Commissioner, Precinct 2, and issuing a Writ of Mandamus to Defendants to restore him to that position, *reserving for further proceedings* the issues of damages and attorney's fees, together with his cost.... (Emphasis ours.)