

# The Attorney General of Texas

December 21, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Fred Toler
Executive Director
Texas Commission on Law Enforcement
 Officer Standards and Education
1106 Clayton Lane
Austin, Texas 78723

Opinion No. MW-111

Re: Whether article 4413(29aa), V.T.C.S., applies to persons appointed to fill vacated office of sheriff.

Dear Mr. Toler:

You ask whether a person appointed sheriff to fill a vacancy for an unexpired term commits a crime if he accepts the appointment without first having completed a preparatory program of training in law enforcement at a school approved or operated by the Texas Commission on Law Enforcement Officer Standards and Education pursuant to article 4413(29aa), V.T.C.S.

Article 4413(29aa), V.T.C.S., as amended by Acts 1979, 66th Leg., ch. 230, at 499, provides:

> Sec. 6. (b) A person who has not satisfactorily completed preparatory training in law enforcement at a school that is operated by or approved by the Commission is eligible to be appointed as a peace officer only on a probationary basis. . . .
>
> (c) In addition to the requirements of Subsection (b) of this section, the Commission, by rules and regulations, may establish other qualifications for the employment of peace officers . . . and the Commission shall prescribe the means of presenting evidence of fulfillment of these requirements. No person shall be appointed as a peace officer unless he fulfills such requirements.
>
> . . . .
>
> (e) Any person who accepts appointment as a peace officer, or any person who appoints or retains an individual as a peace officer, in violation of Subsections (b) or (c) of this section shall be guilty of

a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00).

(f) Nothing herein shall be construed to preclude an <u>employing</u> agency from establishing qualifications and standards for <u>hiring</u> or training peace officers which exceed the minimum standards set by the Commission nor shall anything herein be construed to affect any sheriff, constable or other law enforcement officer <u>elected under the provisions of the Constitution of the State of Texas.</u>

(Emphasis added).

When this statute is considered in its entirety and read together with article V, section 23 of the Texas Constitution and article 2355 of the statutes, it is clear that it does not apply to persons occupying the elective office of sheriff. The Texas Commission on Law Enforcement Officer Standards and Education has been given authority and power to:

[e]stablish minimum educational, training, physical, mental and moral standards for admission to <u>employment</u> as a peace officer: (1) in <u>permanent</u> positions, and (2) in <u>temporary</u> or <u>probationary</u> status.

V.T.C.S. art. 4413(29aa) § 2(b) (emphasis added). Persons who fill the constitutional office of sheriff, whether by popular election or election by members of a commissioners court, do not occupy either permanent or temporary positions; they are elected for a <u>term</u> or part thereof. The Constitution of Texas does not provide for appointments to that office on a "permanent" or "temporary" or "probationary" basis. Article V, section 23 reads:

There shall be elected by the qualified voters of each county a Sheriff, who shall hold his office for the term of four years, whose duties and perquisites, and fees of office, shall be prescribed by the Legislature, and <u>vacancies in whose office shall be filled by the Commissioners Court until the next general election.</u>

(Emphasis added).  See V.T.C.S. art. 2355; <u>Parker v. Nobles</u>, 496 S.W.2d 921 (Tex. 1973); <u>Dobkins v. Reece</u>, 19 S.W.2d 574 (Tex. Civ. App. — Fort Worth 1929, no writ); <u>Maddox v. York</u>, 54 S.W. 24 (Tex. Civ. App. 1899), <u>aff'd</u>, 55 S.W. 1133 (Tex. 1900); Attorney General Opinion O-2965 (1940).  See also <u>Dobkins v. Reece</u>, 17 S.W.2d 81 (Tex. Civ. App. — Fort Worth 1929, writ ref'd).

The statute implementing the constitutional provision, article 2355, V.T.C.S., provides that vacancies in the office of sheriff are to be filled by "a majority vote of the members of [the Commissioners] Court," and in <u>Dobkins v. Reece</u>, <u>supra</u>, the court spoke of an action taken to replace a deceased sheriff:

On January 2, 1929, the matter of the election or appointment of a sheriff again was considered by the commissioners' court and Ate Reece was _elected,_ as shown by the minutes. . . .

17 S.W.2d at 82 (emphasis added).

Section 6(f) of article 4413(29aa), quoted above, shows plainly that the statute was intended to apply only to those persons _hired_ to act as peace officers, and not to persons filling constitutional offices.

A somewhat analogous question was considered in Attorney General Opinion H–1286 (1978). There, it was asked whether citizens summoned into service as a special police force pursuant to article 995, V.T.C.S., were subject to the requirements of article 4413(29aa). This office answered that the intended thrust of the statute is revealed by section 2(b) thereof (quoted above) which authorizes the commission to "establish minimum . . . standards for admission to _employment_ as a peace officer. . . .", and that it reached "only persons seeking employment as peace officers, and not citizens involuntarily pressed into service as keepers of the peace." It was also noted there that article 4413(29aa), section 8, specifies:

> Except as expressly provided in this Act, nothing herein contained shall be deemed to limit the powers, rights, duties and responsibilities of municipal or county governments. . . .

For similar reasons, article 4413(29aa) does not reach persons filling vacated constitutional offices. We note, parenthetically, that if the statute were construed otherwise, the requirements of the statute would constitute qualifications for the office. There would be one set of qualifications for the office if occupied by an appointee, and another set for it if occupied by a person popularly elected to it. The office of sheriff is a constitutional one whether filled by a person popularly elected or one elected by the commissioners court. Statutory provisions that restrict the right to hold public office are construed strictly against ineligibility, Willis v. Potts, 377 S.W.2d 622 (Tex. 1964), and article I, section 3 of the Constitution, which was designed to prevent unreasonable discrimination, applies to political rights. Burroughs v. Lyles, 181 S.W.2d 570 (Tex. 1944). Cf. Hall v. Baum, 452 S.W.2d 699 (Tex. 1970), appeal dismissed, 397 U.S. 93 (1970). We need not discuss the constitutional implications of delegating to the commission power to prescribe qualifications for a constitutional office, for the legislative exemption of "any sheriff . . . elected under the provisions of the Constitution" from the operation of article 4413(29aa) was intended to, and did, exempt the _office_ of sheriff. See Luna v. Blanton, 478 S.W.2d 76 (Tex. 1972).

## S U M M A R Y

Article 4413(29aa), V.T.C.S., does not apply to persons filling vacated constitutional offices of sheriff.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Tom Bullington
Charles Campbell
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood