

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 21, 1995

Mr. D. C. "Jim" Dozier
Executive Director
Texas Commission on Law Enforcement
  Officer Standards and Education
1033 La Posada, Suite 240
Austin, Texas 78752

Opinion No. DM-323

Re: Whether the Texas Commission on Law Enforcement Officer Standards and Education may establish requirements for the revocation of licenses of law-enforcement officers elected under the Texas Constitution, including sheriffs and constables, and related question (RQ-676)

Dear Mr. Dozier:

On behalf of the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE" or the "commission"), your predecessor in office requested that we resolve an apparent conflict between sections 415.053 and 415.060(a) of the Government Code. These sections provide as follows:

> **§ 415.053. Licensing of Certain Law Enforcement Officers Elected Under Texas Constitution or Statute**
>
> An officer, including a sheriff, elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elective office must be licensed by the commission not later than two years after the date that the officer takes office. The commission shall establish requirements for licensing and for revocation, suspension, cancellation, or denial of a license of such an officer. It is incompetency and a ground for removal from office under Title 100, Revised Statutes, or any other removal statute if an officer to whom this section applies does not obtain the license by the required date or does not remain licensed.[1] [Footnote omitted; footnote added.]

---

[1]This office determined in Attorney General Opinion DM-322 that Government Code section 415.053 does not unconstitutionally prescribe a qualification for holding the office of constable. Attorney General Opinion DM-322 (1995) at 2. We stated:

> Where the constitution prescribes the qualifications for holding a particular office, the legislature lacks the power to change or add to those qualifications unless the constitution provides that power. *Luna v. Blanton*, 478 S.W.2d 76, 78 (Tex. 1972); *Dickson v. Strickland*, 265 S.W. 1012, 1015-16 (Tex. 1924). Article V, section 18(a) of the Texas Constitution provides for the office of constable. *See also* Local Gov't Code ch. 86; 35 DAVID B. BROOKS, COUNTY

### § 415.060. Revocation; Probation; Suspension

> (a) The commission may establish procedures for the revocation of any license that it grants under this chapter, except a license of an officer elected under the Texas Constitution.

Your predecessor asked whether, pursuant to these two statutes, TCLEOSE may revoke the license of an officer elected under the Texas Constitution, including both a sheriff and a constable.

Chapter 415 of the Government Code provides for TCLEOSE; it creates the commission, *see* Gov't Code §§ 415.001(1), .002, .004, and establishes requirements for the education, licensing, and appointment of law-enforcement officers generally. In general, chapter 415 prohibits a person from employing as a law-enforcement officer any individual who lacks the appropriate license from TCLEOSE. *See id.* § 415.051(a). *But see id.* §§ 415.054(a), .055(a). Chapter 415 also requires all law-enforcement officers elected under the constitution or a statute or appointed to fill a vacancy in an elective office to obtain a license from the commission within two years after the date that the officer takes office.[2] *Id.* § 415.053.

---

(footnote continued)

> AND SPECIAL DISTRICT LAW § 20.2, at 674 (Texas Practice 1989); 59 TEX. JUR. 3D *Police, Sheriffs, and Constables* § 26, at 44 (1988). The constitution does not dictate qualifications for holding the office of constable, and the legislature is therefore free to establish such qualifications by statute. *See Luna*, 478 S.W.2d at 78; *Dickson*, 276 S.W. at 1015-16. Moreover, we do not interpret section 415.053 of the Government Code to specify a qualification for office; rather, section 415.053 specifies a qualification for remaining in office once an individual has been elected or appointed to the office. Accordingly, section 415.053 of the Government Code does not contravene the constitution by unconstitutionally adding to or changing the qualifications for holding the office of constable.

*Id.* (footnote omitted).

In regard to whether section 415.053 unconstitutionally prescribes a qualification for holding the office of sheriff, we note that article V, section 23 of the Texas Constitution explicitly empowers the legislature to prescribe such qualifications. Furthermore, as we indicated in Attorney General Opinion DM-322, section 415.053 does not specify a qualification for office; "rather, section 415.053 specifies a qualification for remaining in office once an individual has been elected or appointed to the office." *Id.*

[2]Constables are elected pursuant to article V, section 18 of the Texas Constitution. Sheriffs are elected pursuant to article V, section 23 of the Texas Constitution. Throughout this opinion, we will refer to a law-enforcement officer elected under the constitution or statute or appointed to fill a vacancy in an elective office as a constitutional officer; we will refer to a law-enforcement officer who is appointed and who does not fill an elective office as a nonconstitutional officer.

Section 311.026 of the Government Code states that, when interpreting sections of the codes, general and special provisions should be construed to effectuate both, if possible. Section 311.026 further provides that, if the conflict between the two is irreconcilable, the special provision should be construed as an exception to the general provision unless the legislature enacted the general provision after it had enacted the special provision. We do not believe the two provisions at issue here are irreconcilable; rather, we believe that they can be harmonized.

The legislature enacted the statutory predecessor to chapter 415 of the Government Code, V.T.C.S. article 4413(29aa), in 1965. *See* Acts 1965, 59th Leg., ch. 546, at 1158.[3] Prior to 1985, article 4413(29aa) required TCLEOSE to "[e]stablish procedures for the revocation of licenses issued to a peace officer . . . under the provisions of this Act."[4] In 1985 the legislature amended article 4413(29aa), section 2(a)(18) to except constitutional law-enforcement officers from TCLEOSE procedures for the revocation of a license issued to a peace officer. Acts 1985, 69th Leg., ch. 907, § 1, at 3040. At the same time, however, the legislature enacted a new provision, section 2(a)(21), requiring TCLEOSE to "[e]stablish requirements for certification of and procedures for revocation of licenses of a law enforcement officer elected under the Texas Constitution, with the exception of sheriffs, after September 1, 1985." *Id.*

In 1993, by the passage of Senate Bill 339, the legislature deleted from the codified successor to section 2(a)(21), section 415.053 of the Government Code, the exception for sheriffs. The deletion became effective in November 1993 following voter approval of an amendment to article V, section 23 of the Texas Constitution.[5] The

---

[3]Originally, the legislature created TCLEOSE for the purpose of, among other things, suggesting minimum standards for law-enforcement "officers" and procedures for the certification of "law-enforcement officers." Acts 1965, 59th Leg., ch. 546, § 2. The 1965 act did not define "officer" or "law-enforcement officer," although it suggested in section 2 that officers were individuals appointed to law-enforcement positions. *See id.* The legislature did not explicitly define "peace officer" until 1975, when it added section 6(h) to article 4413(29aa). *See* Acts 1975, 64th Leg., ch. 547, § 1; *infra* note 4.

[4]At that time, section 6(h) of V.T.C.S. article 4413(29aa) defined "peace officer" in pertinent part as "only a person so designated by Article 2.12, Code of Criminal Procedure, 1965." *See* Acts 1981, 67th Leg., ch. 399, § 3. In 1985 the legislature broadened the definition of "peace officer" to mean in pertinent part "any person employed or appointed as a peace officer under law, including but not limited to a person so designated by Article 2.12, Code of Criminal Procedure . . . ." *See* Acts 1985, 69th Leg., ch. 907, § 2, at 3041. Since its enactment in 1965, article 2.12 of the Code of Criminal Procedure has included in its list of peace officers sheriffs and constables.

[5]In 1987 the legislature nonsubstantively codified article 4413(29aa), V.T.C.S., as chapter 415 of the Government Code. *See* Acts 1987, 70th Leg., ch. 147, § 1, 384-93, § 7, at 534. Section 2(a)(18) of article 4413(29aa) became part of section 415.060; section 2(a)(21) became part of section 415.053. The legislature amended section 415.053 in 1993 by adding "including a sheriff." *See* Acts 1993, 73d Leg., ch. 985, § 2 (S.B. 339).

purpose of Senate Bill 339 was to subject "a sheriff to the same qualifications and licensing requirements as other officers covered under Sec. 415.053, Government Code, i.e.[,] constables." House Comm. on County Affairs, Bill Analysis, S.B. 339, 73d Leg. (1993). *See generally* House Research Organization, Bill Analysis, S.B. 339, 73d Leg. (1993).

Upon examining the history of the relevant statutory provisions, we believe that sections 415.053 and 415.060 can be harmonized; they do not conflict irreconcilably. The 1985 amendments to article 4413(29aa), section 2(a)(18) and (21) indicate that the legislature intended to split the commission's authority to revoke licenses into two sections, one that authorized the commission to revoke the licenses of nonconstitutional law-enforcement officers and one that authorized the commission to revoke the licenses of constitutional law-enforcement officers. First, TCLEOSE was to establish procedures by which it may revoke the license of a nonconstitutional law-enforcement officer. This mandate now is found in section 415.060(a) of the Government Code. Section 415.060(b) articulates the reasons for which the commission may revoke a nonconstitutional officer's license: violation of chapter 415 or of a TCLEOSE rule. *See also* Gov't Code § 415.058(a) (requiring TCLEOSE to revoke officer's license if officer convicted of felony).

Second, TCLEOSE was to articulate requirements for the revocation of a license belonging to a law-enforcement officer elected under the constitution, except a sheriff. This requirement now is found in section 415.053 of the Government Code and, as amended in 1993, no longer excepts sheriffs. Unlike section 415.060, section 415.053 does not articulate reasons for the revocation of a license. *But see id.* (requiring TCLEOSE to revoke officer's license if officer convicted of felony). The fact that the legislature expressly excepted from section 415.060 "a license of an officer elected under the Texas Constitution" does not indicate the legislature intended constitutional law-enforcement officers' licenses to be irrevocable; rather, it indicates that the legislature intended such licenses to be revoked pursuant to section 415.053.

Moreover, to the extent of any conflict between the two provisions, section 415.053, which pertains specifically to the licenses of constitutional law-enforcement officers, prevails over section 415.060, which applies generally to any license that TCLEOSE grants under chapter 415. *See id.* § 311.026; Attorney General Opinion

---

(footnote continued)

　　Senate Bill 339 was the enabling legislation for the constitutional amendment to article V, section 23 of the constitution. Legislative Council, Analysis of Proposed Constitutional Amendments at 25. The constitutional amendment modified article V, section 23 explicitly to authorize the legislature to prescribe the qualifications of sheriffs. *Id.* Prior to its 1993 amendment, article V, section 23 required the legislature to prescribe the "perquisites, fees of office and duties" of sheriffs. The Legislative Council stated that, under the prior version of article V, section 23, "[i]t is not clear whether the legislature may also prescribe the qualifications of sheriffs without express constitutional authorization." *Id.*

JM-1220 (1990) at 13. We therefore conclude that TCLEOSE is required, pursuant to section 415.053 of the Government Code, to establish requirements for revocation of licenses of law-enforcement officers elected under the constitution, including both a sheriff and a constable.[6]

In his second question, your predecessor asked whether TCLEOSE's authority to revoke the license of a constable and a sheriff is limited to a constable who takes office on or after September 1, 1985, and a sheriff who takes office on or after January 1, 1994. This question requires us to consider section 415.015(c) of the Government Code, which provides as follows:

> This chapter does not affect a constable or other officer or county jailer elected under the Texas Constitution before September 1, 1985, and does not affect a person who held the office of sheriff before January 1, 1994.

The legislature also amended this subsection in 1993 by the passage of Senate Bill 339, the same bill that amended section 415.053. *See* Acts 1993, 73d Leg., ch. 985, § 1, at 4264, 4264. Prior to the 1993 amendment, section 415.015 excepted all sheriffs from chapter 415.

The plain language of section 415.015(c) limits the applicability of chapter 415 to an individual who was elected to the office of constable on or after September 1, 1985, and an individual who held the office of sheriff on or after January 1, 1994. Consequently, TCLEOSE may establish requirements for the revocation of a license belonging to a constable elected on or after September 1, 1985, or a sheriff who took office on or after January 1, 1994.[7]

---

[6]TCLEOSE has promulgated a rule, title 37 of the Texas Administrative Code, section 211.82, that provides for the issuance of licenses to jailers, reserve law-enforcement officers, and peace officers. Subsection (i) of section 211.82 requires the commission to issue a permanent peace officer license to any law-enforcement officer elected or appointed under the constitution after September 1, 1985, who meets the minimum standards for licensing. Subsection (i) further provides that such license is subject to revocation as any peace officer license that the commission has issued to a nonconstitutional law-enforcement officer. Subsection (i) is expressly inapplicable to (1) a sheriff or (2) a constable or any other constitutional law-enforcement officer who first assumed office prior to September 1, 1985. Given the 1993 amendments to chapter 415 of the Government Code, section 211.82 is invalid to the extent that it exempts sheriffs who took office on or after January 1, 1994. *See Commissioner of Ins. v. Allstate Ins. Co.*, 579 S.W.2d 553, 557 (Tex. Civ. App.--Austin 1979, writ ref'd n.r.e.) (citing *Citizens Nat'l Bank v. Calvert*, 527 S.W.2d 175 (Tex. 1975)); *see also infra* text accompaning note 7 (determining that TCLEOSE may establish requirements for the revocation of a peace officer license belonging to a constable elected on or after September 1, 1985, or a sheriff who took office on or after January 1, 1994).

[7]Under title 37 of the Texas Administrative Code, section 211.82(i), a constable need not obtain a permanent license, nor would such a license be subject to revocation as any other license if the constable "first assumed office before September 1, 1985, even if reelected after that date unless there was a break in office and that officer was then reelected after that date to that or another office as a constitutional peace

## S U M M A R Y

Sections 415.053 and 415.060 of the Government Code do not conflict irreconcilably. Rather, section 415.060 requires the Texas Commission on Law Enforcement Officer Standards and Education to establish procedures by which it may revoke the license of a nonconstitutional law-enforcement officer who has violated the statute or a rule promulgated pursuant to a statute. On the other hand, section 415.053 requires TCLEOSE to establish requirements for the revocation of a license belonging to a law-enforcement officer elected under the constitution, including a sheriff and a constable.

TCLEOSE must establish requirements for the revocation of a peace officer license belonging to a constable or sheriff, but the requirements may not apply to a constable who was elected prior to September 1, 1985, or to a sheriff who took office prior to January 1, 1994.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

(footnote continued)

officer." *See also* Attorney General Opinions JM-1149 (1990) (concluding that constable whose tenure of office ceased on December 31, 1984, and did not resume until January 1, 1989, must, pursuant to 37 T.A.C. section 211.82, meet TCLEOSE's requirements for licensing); DM-75 (1992) (concluding that elimination of precinct through redistricting and incumbent constable's election as constable for new precinct does not result in "break of office" for purposes of 37 T.A.C. section 211.82(i) where new precinct differs from old only in its number and enlarged territory).