

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 21, 1995

Mr. D. C. "Jim" Dozier
Executive Director
Texas Commission on Law Enforcement
  Officer Standards and Education
1033 La Posada, Suite 240
Austin, Texas 78752

Opinion No. DM-322

Re: Whether a constable who has not met the licensure requirements of the Commission on Law Enforcement Officer Standards and Education may run for re-election and related questions (RQ-368)

Dear Mr. Dozier:

On behalf of the Texas Commission on Law Enforcement Officer Standards and Education (the "commission"), your predecessor in office has asked us whether a constable elected after September 1, 1985, who fails to become licensed as a peace officer within two years of taking office may run for re-election. Your predecessor also asked whether a county commissioners court may appoint such an individual to the office of constable, from which office the person resigned because of his or her failure to become licensed as a peace officer within two years of assuming office. His questions are based primarily upon section 415.053 of the Government Code, which states as follows:

> An officer . . . elected under the Texas Constitution or a statute or appointed to fill a vacancy in an elective office must be licensed by the commission not later than two years after the date that the officer takes office. The commission shall establish requirements for licensing and for revocation, suspension, cancellation, or denial of a license of such an officer. It is incompetency and a ground for removal from office under Title 100, Revised Statutes, or any other removal statute if an officer to whom this section applies does not obtain the license by the required date or does not remain licensed. [Footnote omitted.]

To establish a hypothetical factual background, your predecessor proposed two scenarios. In the first scenario, he described a situation in which the voters of a county elected an individual, Sam Allman, to the office of constable after September 1, 1986. Allman assumed office on January 1, 1987. Allman has not become licensed within two years of taking office, as section 415.053 of the Government Code requires.[1] Concerning

---

[1] A constable is elected to hold office "for four years and until" his or her successor is elected and qualified. Tex. Const. art. V, § 18(a).

this scenario, your predecessor asked whether Allman may run for re-election and assume office.

As a preliminary matter, we will consider the constitutionality of section 415.053. Where the constitution prescribes the qualifications for holding a particular office, the legislature lacks the power to change or add to those qualifications unless the constitution provides that power. *Luna v. Blanton*, 478 S.W.2d 76, 78 (Tex. 1972); *Dickson v. Strickland*, 265 S.W. 1012, 1015-16 (Tex. 1924). Article V, section 18(a) of the Texas Constitution provides for the office of constable. *See also* Local Gov't Code ch. 86; 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 20.2, at 674 (Texas Practice 1989); 59 TEX. JUR. 3D *Police, Sheriffs, and Constables* § 26, at 44 (1988). The constitution does not dictate qualifications for holding the office of constable, and the legislature is therefore free to establish such qualifications by statute. *See Luna,* 478 S.W.2d at 78; *Dickson,* 265 S.W. at 1015-16. Moreover, we do not interpret section 415.053 of the Government Code to specify a qualification for office;[2] rather, section 415.053 specifies a qualification for remaining in office once an individual has been elected or appointed to the office.[3] Accordingly, section 415.053 of the Government Code does not contravene the constitution by adding to or changing the qualifications for holding the office of constable.

By its terms, section 415.053 requires an individual, once he or she is elected to and assumes the office of constable, to obtain from the commission within two years of assuming office a license to serve as a peace officer.[4] Section 415.053 does not prohibit a

---

[2]In section 141.001 of the Election Code the legislature has articulated general eligibility requirements for public office. Among other things, section 141.001 requires that, in general, the person have resided continuously in the territory from which the officer is elected for six months immediately preceding the regular filing deadline for an application for a place on the ballot, and that the person satisfy any other constitutional and statutory eligibility requirements for the particular office. Aside from section 141.001 of the Election Code, we are unaware of any provision of law that prescribes eligibility requirements for the office of constable.

[3]In this way, section 415.053 is like any other ground for removal from office under section 87.001 of the Local Government Code. For example, under section 87.013(a)(3), a county officer may be removed for "intoxication on or off duty caused by drinking an alcoholic beverage." However, an individual who has been intoxicated from drinking an alcoholic beverage is qualified to assume a county office. *See* Elec. Code § 141.001(a).

[4]The legislature added the statutory predecessor, V.T.C.S. article 4413(29aa), section 6(p), to section 415.053 of the Government Code in 1985. *See* Acts 1985, 69th Leg., ch. 907, § 2, at 3041. The legislature intended House Bill 1592, which ultimately added section 6(p) to article 4413(29aa), V.T.C.S., to, among other things, eliminate the existing loophole through which peace officers could avoid being licensed by the commission. Senate Comm. on Jurisprudence, Bill Analysis, H.B. 1592, 69th Leg. (1985). The law as it existed at that time permitted newly-hired peace officers to receive a probationary license and forego the training required to obtain a license for up to one year. *Id.* After one year, the unlicensed

constable who failed to become licensed within two years after the date the constable assumed office from running for re-election to the office of constable in the same precinct. Consequently, we believe that Allman may run for re-election to the office of constable in the same precinct and, if elected, may assume office. Additionally, Allman may choose to run for the position of constable in a different precinct if he satisfies the statutory residence requirements. *See* Elec. Code 141.001(5).

Your predecessor also asked whether Allman may run for re-election in the same precinct or election in a different precinct if a district court had removed him from office during the preceding term because he failed to become licensed within the statutory two-year period. Chapter 87 of the Local Government Code empowers a district court to remove county officers, including constables, if the officer is incompetent. *See* Local Gov't Code §§ 87.011(2), .012(12), .015 - .018; *see also* 35 BROOKS, *supra*, § 7.21, at 251. Section 415.053 of the Government Code explicitly provides that a constable's failure to become licensed to serve as a peace officer within two years of taking office constitutes incompetence and is a ground for removal from office. However, we find no constitutional or statutory provision that expressly prohibits a constable who was removed during a previous term for failure to become timely licensed from running for re-election to the office of constable in the same precinct or for election to the office of constable in a different precinct (if the person satisfies the statutory residency requirements).

Neither section 87.001 of the Local Government Code nor section 415.053 of the Government Code authorizes the removal of a re-elected constable, immediately upon the constable's assumption of office, for failure timely to obtain a license to serve as a peace officer during the constable's previous term. Section 87.001 of the Local Government Code prohibits the removal of a county officer for an act the officer committed before election to office. "Election to office," in the context of section 87.001, includes re-election. *See State ex rel. Russell v. Knorpp*, 575 S.W.2d 401, 402 (Tex. Civ. App.--Amarillo 1978, writ ref'd n.r.e.) (citing *Reeves v. State ex rel. Mason*, 276 S.W. 666, 669 (Tex. 1924)). Thus, section 87.001 precludes the removal of an elected county officer for any acts that the officer committed during a prior term of office. *Id.* We

---

(footnote continued)

peace officer could take a break in employment and then receive another probationary license, as the law did not require a former peace officer to be relicensed or retrained. *Id.*

House Bill 1592 therefore proposed to eliminate the probationary license for newly hired peace officers, requiring instead that persons desiring to work as peace officers be trained and licensed before beginning employment as a peace officer. *Id.* The bill also proposed to authorize the commission to set standards "for training and licensing . . . elected peace officers." *Id.* Significantly, the bill did not propose to alter the eligibility requirements for elected peace officers by closing the loophole that permits a constable to be re-elected despite the fact that, during the preceding term, he or she did not obtain a license to serve as a peace officer from the commission, in contravention of section 415.053 of the Government Code.

believe that section 87.001 implicitly prohibits removal for an officer's failure to act, *i.e.*, failure to become licensed. Once a constable is re-elected, therefore, the district court cannot remove the constable for failure to become a licensed peace officer during a prior term. Instead, upon re-election the slate is wiped clean, and pursuant to section 415.053 of the Government Code, the re-elected constable has two years from the date of taking office the second time to become a licensed peace officer. This principle applies whether the constable is re-elected in the same precinct or elected for the first time in a different precinct.

In the second scenario, your predecessor stated that upon failure to become a licensed peace officer within two years of taking office Allman resigned his office rather than being removed. The county commissioners court then appointed Allman to serve as constable in either the same or a different precinct. Section 87.041(a)(11) of the Local Government Code authorizes the commissioners court to fill a vacancy in the office of constable. *See also* 35 BROOKS, *supra*, § 7.17, at 243-44 (Texas Practice 1989). The person so appointed holds office until the next general election. Local Gov't Code § 87.041(c).

Concerning the second scenario, your predecessor first asked whether Allman has another two years in office before the district court may remove him for failure to be licensed as a peace officer. Section 415.053 of the Government Code expressly grants an officer appointed to fill a vacancy two years after the date he or she assumes office to become licensed. Section 415.053 does not expressly exclude situations in which the appointee previously held the office of constable and, during the constable's previous term, failed to obtain within two years of assuming office a license to serve as a peace officer. Thus, we believe that an appointed constable such as Allman has two years to become licensed to serve as a peace officer, even if the appointee previously has served as constable without obtaining from the commission the required license.

Your predecessor next asked whether the members of the commissioners court are subject to prosecution under section 415.065 of the Government Code for appointing Allman to a position as constable. Section 415.065 criminalizes the appointment of an individual to serve as an officer in violation of sections 415.036, 415.051, or 415.057 of the Government Code. Of these three provisions, only section 415.051 may be relevant to the hypothetical your predecessor has posed.[5] Section 415.051 prohibits the appointment of an unlicensed officer. We believe that section 415.051 may pertain only to employees

---

[5]Section 415.036 requires any peace officer desiring to use a hypnotic interview technique to complete a training course that the commission has approved and to pass an examination that the commission administers. Section 415.057 of the Government Code requires an agency hiring a person to serve as a peace officer to perform certain tasks in connection with psychological or psychiatric tests the person must complete before the commission may license him or her as a peace officer.

serving as peace officers, not to individuals appointed to fill a vacant elective office. *See generally* Attorney General Opinion MW-111 (1979). We need not decide that issue, however, because if a general provision and specific provision dealing with the same subject conflict, the specific provision controls. 67 TEX. JUR. 3D *Statutes* § 126, at 720 (1989) (and sources cited therein). Section 415.053 more specifically pertains to the appointment of a constable, and it provides the appointee with two years during which to obtain the required license. Accordingly, we believe that the commissioners court does not violate section 415.051 of the Government Code by appointing Allman to the office of constable; the commissioners court is not subject to liability under section 415.065 of the Government Code.

Your predecessor asked whether Allman is subject to prosecution under section 37.11 of the Penal Code, which criminalizes the impersonation of a public servant with the intent to induce another to submit to his or her pretended official authority. Once Allman assumes the office of constable, he is a legitimate peace officer. Thus, he would not be subject to prosecution under section 37.11 of the Penal Code.

Finally, your predecessor asked whether Allman successfully may invoke the peace officer exception to prosecution under section 46.02 of the Penal Code, which criminalizes the intentional, knowing, or reckless carrying of certain weapons. Section 46.03(a)(6) of the Penal Code excepts peace officers, other than persons commissioned by the Texas State Board of Pharmacy, from the provisions of section 46.02. Again, once Allman assumes the office of constable, he is a legitimate peace officer, and as such, he is excepted from the scope of section 46.02 of the Penal Code.

## S U M M A R Y

Section 415.053 of the Government Code does not preclude a constable running for re-election to the office of constable in the same or, provided he or she satisfies the statutory residence requirements, a different precinct even if the constable did not, within two years of the date the constable took office in a previous term, obtain from the Commission on Law Enforcement Officer Standards and Education a license to serve as a peace officer. Likewise, section 415.053 does not preclude a county commissioners court from appointing an individual to the office of constable although that person during a previous term as constable, failed, within two years of the date he or she took office, to become licensed to serve as a peace officer. Section 415.053 provides the re-elected or appointed constable with two years from the date he or she assumed office to obtain from the Commission on Law Enforcement Officer Standard and Education a license to serve as a peace officer.

The members of a commissioners court are not subject to prosecution for violating section 415.065 of the Government Code for appointing to the office of constable an individual who failed, during a previous term serving as constable, to become licensed in accordance with section 415.053 of the Government Code. Once such an appointee assumes office, he or she is not subject to prosecution under section 37.11 of the Penal Code for impersonating a public servant. Additionally, once the appointee assumes office, he or she may invoke the peace officer exception, Penal Code § 46.03(a)(6), to section 46.02 of the Penal Code, which criminalizes the intentional, knowing, or reckless carrying of certain weapons.

Very truly yours,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General