ACCEPTED
04-14-00551-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/5/2015 11:11:01 PM
KEITH HOTTLE
CLERK

NO. 04-14-00551-CV

IN THE COURT OF APPEALS
FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/5/2015 11:11:01 PM
KEITH E. HOTTLE
Clerk

| | | |
|---|---|---|
| PABLO SOLIZ | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| STATE OF TEXAS | § | APPELLEE |

APPEAL FROM 79th JUDICIAL DISTRICT COURT
BROOKS COUNTY, TEXAS
TRIAL COURT NO. 14-02-16542-CV

**APPELLANT'S MOTION FOR RECONSIDERATION EN BANC**

Rick Soliz
Attorney at Law
Texas Bar Number 00785013
P.O. Box 4051
Houston, Texas 77210
713-228-1900
Counsel Pro Bono

**ORAL ARGUMENT REQUESTED**

1

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes, Pablo Soliz**,** Appellant in the above entitled and numbered cause, by and through his pro bono attorney of record, Rick Soliz, and submits this First Motion for Reconsideration En Banc. For good cause, Appellant shows as follows.

**ISSUES PRESENTED FOR RECONSIDERATION EN BANC**

Appellant submits this response to the opinion issued by the Court on July 22, 2015, and subsequent denial of a motion for rehearing and requests that the Court consider the following issues:

Issue 1: The Court of Appeals erred in finding that Appellant should have done the impossible of enrolling in required training when not allowed by those conspiring to remove him from office and by holding that any particular summary judgment defense need be stated in the removal statute itself.

Issue 2: The Court of Appeals erred in finding that Appellant is not entitled to his requested and constitutionally protected right to a jury trial.

Issue 3: The Court of Appeals erred in ruling that Appellant has not claimed a due process violation, that he must use the words "due process" when pointing out a due process violation and that he is required to do either or the issue is waived.

# I.

## SUMMARY

Constable Soliz has more education and training than other elected law enforcement officer in Brooks County or adjacent counties. Historically in Texas, elected constables had 2 years from taking office to receive required training. And prior to that, permanently appointed constables need never reach certification. Constable Soliz has received some formal training at Sam Houston State University since taking office. Constable Soliz has a 4 year college degree and additional training. He has been certified as a Texas licensed peace officer and has served multiple jurisdictions through employment and election.

Brooks County is one of the most impoverished in the state. And it has always lacked educated, competent and moral law enforcement. Many law enforcement agents, including several cops, an elected district judge and an elected district attorney have been arrested and convicted in recent times in Brooks County alone. All of who had one thing in common – formal complaints against them by Constable Soliz. When an agent with morals happens to appear as with Appellant, an "all points bulletin" is put out to destroy him. How dare someone question inept and law violating authority in South Texas! By way of just a few specific examples pertaining to Brooks County's recent history: An

3

elected district attorney has been disbarred and jailed. Prior to his election, he was trained and personally assisted as first assistant, by the elected district attorney he later ran against and beat. The mentor is now the district judge, who replaced the last judge who was prosecuted, convicted and removed from the bench for life. The current judge recused himself from this proceeding since Constable Soliz simply knows too much history about the judge, the court's inner workings and related offices. The sheriff during these times was booted out of town by votes and investigated as was his successor. They avoided prosecution multiple times as do most local cops who are merely fired, demoted or transferred among the various local agencies, instead of prosecuted. In the last few months though, more than half a dozen cops in the very small county seat and only city, have been merely fired for illegal and felonious conduct or actually prosecuted and sent to jail. And more investigation is at hand of several at multiple levels. And of course the appellee's office's head has been indicted for serious crimes as has our governor. I'm sure I have failed to mention others. And that gets us to Constable Soliz. Persecuted over the years by those I have mentioned above for investigating and complaining about their illegal conduct, and now persecuted for lack of training by the indicted attorney general opposing this appeal. Training denied to him by those who reported him to

4

appellee's offices and asked for removal proceedings. This is somewhat of a joke since Constable Soliz has more experience and training than anyone else on any local police force and including the bloating number of unnecessary state and federal officers in the area now tripping over themselves. Moreover, it does not take any legal action to note that the law cannot require the impossible. Constable Soliz was specifically targeted and illegally prevented from enrolling in the training facility Brooks County utilizes - based on Constable Soliz's age – according the head of the training academy. As an aside, why hasn't anyone checked training and test records for all other peace officers in the County, including the illiterate ones. Could it be no one would be left to police the area? This is selective and vindictive prosecution. None of what I say is meant to disparage the good work of opposing counsel, who has been as professional and competent as can be, under the circumstances.

## II.

### ARGUMENT, AUTHORITY AND EVIDENCE

The standard upon summary judgment is, "whether, after considering all evidence in a light most favorable to the **nonmoving party**, the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2552 (1986). The Supreme Court outlined three principals that

would determine if summary judgment was appropriate: 1) The party moving for the summary judgment must meet an initial burden of showing no genuine issue of material fact exists, 2) The substantive law governing the cases will determine what issues are material. 3) If the moving party meets its burden, the party opposing the motion must present affirmative evidence and must produce more than a **mere scintilla** of evidence to overcome the motion; and 4) The court does not need to look to the entire record to establish whether a genuine issue exists requiring trial, but need only look to those portions of the record to which the parties point to the court. *Id* at 2552-55; See also 3 *ATLA's Litigating Tort Cases* § 31.3. A fact is material if its resolution might affect the outcome of the suit. See <u>Anderson v. Liberty Lobby, Ins</u>., 477 U.S. at 248. Rule 56(c) also requires the dispute be "genuine".

When facts are unavailable to the nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. *See* Fed. R. Civ. P. 56(d) (1-3). Constable Soliz has a 4 year college degree and additional training. He has been certified as a Texas licensed peace officer.

A constable is elected to hold office "for four years and until" his or her successor is elected and qualified. Tex. Const. V, sec. 18(a). Where the constitution prescribes the qualifications for holding a particular office, the legislature lacks the power to change or add to those qualifications unless the constitution provides that power. Luna v. Blanton, 478 S.W. 2nd 76 (Tex. 1972).

## V.

## TRAINING

The government alleges that Constable Soliz is not licensed because he did not obtain training in the appropriate amount of time. The Constable replies that he trained and was licensed long ago therefore there is a fact dispute. Constable Soliz worked as an elected, licensed peace officer and hired licensed peace officer for multiple agencies. That training and licensure does not disappear in thin air as if it never happened simply because of the passage of time. Are elderly people and their accomplishments to be discarded as if they never occurred? As mentioned, Constable Soliz has more education, training and experience than any other constable in Brooks County and possibly all of South Texas. Additionally, Brooks County belongs to the Coastal Bend Council of Governments therefore Brooks County officials always look to Del Mar Police Academy in Corpus Christi as their home school for training purposes.

7

And Brooks County officials are reimbursed expenses for training by Brooks County. Constable Soliz met with Del Mar's Director Stan Repka who refused to provide an application to Constable Soliz and told him to look elsewhere because of primarily because of his age and the fact that he would not be able to pass the rigorous physical tests during the training. Constable Soliz then asked Brooks County Commisioner's Court and head of commissioner's court, County Court Judge Raul Ramirez for financial support, just like they provide for every other peace officer in the county when it deals with mandatory mandatory training, in order to attend any alternative academy in order to begin and complete his required training. Mr. Ramirez, who was not reelected and is leaving office with the his county government in financial ruin for acts during his tenure, blocked and denied financial assistance at any alternative school and instead later reported this Constable to the attorney general's office due to lack of training. Such actions commenced these proceedings. Constable Soliz's income, less than $800.00 a month constable salary, was completely insufficient to pay for travel expenses and additional training costs. Coincidentally, the government about the same time, also took his place of business without compensation for the construction of I 69 through town.

Later, on April 23, 2013, Constable Soliz traveled to St. Mary's University in San Antonio, TX to appear for a previously scheduled appointment to complete the TCOLE (Texas Commission on Law Enforcement) State Test in order to recertify. Constable Soliz had studied for two months for this test and paid the $20.00 fee. Mr. Soliz was not allowed to participate in the exam by the same entity that scheduled his appointment, presumably because he had not completed training.

So to summarize, there is clearly a disputed fact relative to training. Appellee has not disproved Appellant's fact of being disallowed and blocked from obtaining his training. Constable Soliz's efforts to obtain additional training were stifled by gatekeepers who held the gate shut. Therefore, it was in every way impossible to comply with any mandatory training, if any, during the time period in question.

What are our appellate courts created for if not to rectify situations like this from the hands of abusive government efforts to prevent training and remove a qualified, constitutionally elected public servant?

The trial court erred by refusing to recognize the fact issues raised by Appellant regarding his defenses, of not being provided with funds for training

and not being admitted to training based on age, sufficient to materially dispute movant's summary judgment evidence.

## VI.

## ARGUMENT AND AUTHORITIES IN ORDER

## ISSUE 1

Appellant cannot be expected to do the impossible. The law must allow for the mandated procedures to be possible. Some things do not have to be written into the law but are common judicial sense. What should Constable Soliz do? Should he begin arresting those who prevent him from fulfilling the training mandate. Or should he shoot his way into the training facility and sit down for classes? For the government to mandate actions, then purposely single out an individual to prevent the individual from fulfilling those actions, is beyond sinister and plainly illegal. This defense has a built in fact dispute that Appellee must disprove to prevail upon summary judgment. The appellee must disprove Appellant's allegation or show there is no dispute of a material fact. To interpret the statute as this court has done makes the statute unconstitutional. Appellant cannot contest what he cannot foresee until he sees it as he has here.

Defendant, as the nonmovant, chooses his own defense and is not required to prove his defense of not being allowed to enroll in the academy and not being

10

provided with money to obtain training and licensure, in response to a motion for summary judgment. But the mere raising of a fact issue is enough to defeat the summary judgment, **American Pertrofina. Inc. v. Allen**, 887 S.W.2nd 829 (Tex. 1994); **Brownlee v. Brownlee**, 665 S.W. 2nd 111 (Tex. 1984). In the case at hand, appellant and appellee (in their evidence submitted of appellant's complaint letter to the attorney general's office prior to the 270 days) both did in fact raise a fact issue regarding appellant's defense sufficient to materially dispute movant's summary judgment evidence.

Appellant points to the mentioned evidence regarding appellant's defense that the training academy director refused to allow him to apply for admission based on age and refused to accommodate a disability. And that the Brooks County Judge (appellee's affiant in the motion for partial summary judgment) refused to provide funding, provided to all other regularly, for appellant to attend mandatory training that is the subject of this court's judgment. I stress that such funding was commonplace for Brooks County officials attending mandatory training. And the movant representing the Texas attorney general's office presented evidence as well that defendant wrote to the attorney general complaining of this, prior to the 270 day deadline to receive training for licensure (and this may be the best evidence to review). Of note is the fact that

appellant had already been through this same academy years earlier and had obtained his license after such enrollment and completion of academy training.

## ISSUE 2

The government often utilizes motions such as this to prevent its opposition from getting his day in court. What do they have to lose? When are they sanctioned for doing so? Constable Soliz probably wins his jury trial on the merits in this case and the government is aware of this. What jury would not apply common sense and heavy weight to the prohibition appellant faced while trying to comply with training? This court has prevented such jury reasoning. Not only does the government file frivolous motions to the government courts on a regular basis, but it simultaneously knowingly protects lawbreaking government agents from exposure at trial under oath.

## ISSUE 3

Appellant has raised due process as a violation below. Not only does appellant clearly raise due process in his answer to the lawsuit, but the trial court preferred and held a hearing on this motion and appellant raised all the issues expressed here, and answered the court's questions and more at such hearing. Appellant did so by way of explanation of his points in his response to the motion for partial summary judgment. This discussion was recorded and has

been provided to this court. But beyond that, when is not ruling correctly on a motion for summary judgment, and not ruling correctly on appeal, therefore not providing a litigant with his properly requested jury trial, not a due process violation? This court may on its own volition, recognize and rule upon due process violations. It may not, though, pretend they do not exist if not raised. Such rulings are left for other issues not of constitutional dimentions. For this court to allow such a travesty is in and of itself a due process violation. Appellate courts exist to rectify errors below and such is not occurring here.

## PRAYER

Wherefore, premises considered, Appellant prays that this motion for reconsideration en banc be unconditionally granted, that this Court grant the relief sought (allow a trial on the merits to proceed) or set the matter for oral argument and after argument, reverse the judgment of the courts below and remand the case for trial on the merits.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document will be served on opposing counsel.

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify the word count in the body of motion to be well under the maximum limit.

Respectfully submitted,
/s/
Rick Soliz
T.B.N. 00785013
P.O. Box 4051
Houston, Texas   77210
713-228-1900
Pro Bono Attorney for Appellant